SOUTHLAND GREYHOUND LINES, INCORPORATED, V.
E. E. COTTEN.

No. 6459. Decided February 19, 1936.
(91 S. W., 2d Series, 326.)

*John H. Awtry,* of Dallas, *D. C. Bland* and *Hollis M. Kinard,* both of Orange, *Barnes & Barnes,* of Beaumont, *Dan Moody* and *J. B. Robertson,* both of Austin, *William L. Kemper* and *Cole, Cole, Patterson & Kemper,* all of Houston, for plaintiff in error.

When in the trial of a case it develops that there are pleaded and established in evidence other facts and acts of negligence which might be considered by the jury as independent causes bringing about the collision and injuries, which facts and acts are not alleged or made a basis of recovery, and when it develops in the trial of the cause that it is one peculiarly requiring in the definition of "proximate cause" the element and idea of "an independent cause," it was reversible error for the trial court to refuse to include in its definition of the term "proximate cause" the element of "new and independent cause." Linn Motor Co. v. Wilson, 14 S. W. (2d) 867; Williams v. Givins, 11 S. W. (2d) 224; Texas & Pac. Ry. Co. v. Stuard, 7 S. W. (2d) 878.

It was error for the trial court to refuse to submit the requested issue as to whether the failure to keep the cars parked along the side of the highway properly lighted was the sole proximate cause of the collision and injuries. Estes v. Davis, 28 S. W. (2d) 565; Texas Employers Ins. Assn. v. Galloway, 40 S. W. (2d) 973; City of Tampa v. Todd, 11 S. W. (2d) 247.

*Dies, Stephenson & Dies,* of Orange, for defendant in error.

It was not error for the trial court to refuse the special issues requested. Texas & Pac. Ry. Co. v. Guidry, 9 S. W. (2d) 284; Texas & Pac. Ry. Co. v. Baldwin, 25 S. W. (2d) 969; City of Waco v. Branch, 8 S. W. (2d) 271.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

E. E. Cotten sued the Southland Greyhound Lines, Inc., for injuries sustained by his wife. The parties will be referred to as plaintiff and defendant, respectively. Upon findings made by the jury judgment was rendered in plaintiff's favor. The Court of Civil Appeals affirmed the judgment. 55 S. W. (2d) 1066.

Plaintiff alleged and the jury found that defendant was negligent in driving at a dangerous rate of speed, in driving with defective brakes, and driving without keeping a proper lookout. The scene of the accident was between Beaumont and Orange on the west side of Coale's Creek off the bridge spanning the creek at that point. On that side of the creek there were guard rails on both sides of the highway for some distance leading to the bridge.

Defendant alleged that some one unknown to it had negligently parked a car and a truck between the balusters of the narrow bridge and dump leaving barely enough room on the side of the parked car and truck for heavy traffic to pass; and that this unknown party was guilty of negligence (1) in leaving the car and truck so parked; (2) in leaving the car and truck parked at or near a sharp curve in the road around which heavy traffic was at all times passing without proper signals indicating that the car was blocking the traffic; (3) in leaving the car so parked without having the lights burning in the front and rear of the car; in other respects not necessary to enumerate. Defendant further alleged that each of the acts of negligence was the sole proximate cause of the collision. Defendant pleaded also the approach of a car with blinding headlights which prevented the bus driver from seeing plaintiff's car stop in time to avoid the collision.

The facts pleaded by plaintiff disclose the relevancy of the acts of third persons in parking cars on the side of the highway as bearing upon the negligence alleged to have caused the collision. In his amended petition he says:

"The plaintiff was driving his said car along said highway or public thoroughfare and on account of the obstruction of said highway by other cars which had stopped ahead of him, it was necessary for the plaintiff to stop his said car, which he did, and after he had brought his car to a stop, the said bus of the defendant collided with said car of plaintiff and damaged and partly demolished same."

It was alleged by plaintiff, and recognized by the pleadings

of the defendant that an agency other than the acts of the parties, figured prominently in the collision. This is apparent also from the evidence set out in the opinion of the Court of Civil Appeals and other evidence disclosed by the record. The fact issue is clearly and concretely raised as to whether some new and independent cause intervened between defendant's alleged negligent acts and the injury.

The definition of proximate cause given for the jury's guidance reads:

"You are instructed that the term 'proximate cause' as that term is used in the following issues, means a moving and efficient cause, without which the injury in question would not have happened; an act or omission becomes a proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question and one that ought to have been foreseen by a person of ordinary care and prudence in the light of attending circumstances. It need not be the sole cause, but it must be a concurring cause, which contributed to the production of the result in question, and but for which the said result would not have occurred."

◼ The main objection urged by defendant to the foregoing charge is that it does not embody the idea of a new independent cause.

The Court of Civil Appeals upheld the charge as against this objection with the statement, "This definition of 'proximate cause' was sustained in West Texas Coaches v. Madi, 15 S. W. (2d) 170, on authority of Texas & P. Ry. Co. v. Bigham, 90 Texas, 223, 38 S. W., 162, and Seale v. Railway Co., 65 Texas, 274."

The Court of Civil Appeals in its holding in the Madi case that the definition was correct, took cognizance that the evidence raised the issue of "new independent cause," but approved the definition under the misapprehension that the definition embodied the idea, saying, "We are of the opinion that it lacks nothing of the element suggested by the expression 'continuous sequence unbroken by any new and independent cause.'" The same court in a later case (Texas & P. Ry Co. v. Short, 62 S. W. (2d) 995), suggested that a sufficient definition of "proximate cause" stripped of non-essentials, is as follows: "Proximate cause is a cause which should reasonably have been foreseen as likely to cause the injury in question or some similar injury," citing in support of the suggested definition the Madi case among others.

The Court of Civil Appeals erred in its holding in the Madi case that the definition in question lacked nothing of the element of new independent cause; and the definition suggested in Texas & P. Ry. Co. v. Short, supra, is incomplete. Nor do we concur in the further statement made in connection therewith that, "to say the natural and continuous sequence in which the cause must operate to constitute 'proximate cause' must be 'unbroken by some new and independent cause' * * * is not only to repeat what is implied in the word 'cause' but is in effect to give the jury a special charge upon the law of negligence which is prohibited and in no sense essential to enable the jury to understand the meaning of the term 'proximate cause.' "

It is reversible error in a cause in which the testimony tends to prove the injury resulted from a new independent cause, not to submit a definition of proximate cause embodying that term, or a similar term, together with a definition of same. Phoenix Refining Co. v. Tipps, 125 Texas, 69, 81 S. W. (2d) 60; Orange & Northwestern R. Co. v. Luther Harris et al. (Sup. Ct.), not yet officially reported, 89 S. W. (2d) 973; Dixie Motor Coach Corp. v. Galvan et ux., 126 Texas, 109, 86 S. W. (2d) 633; Greer v. Thaman et al. (Com. App.), 55 S. W. (2d) 519; Blanch v. Villiva et al., 22 S. W. (2d) 490; Thomas v. Goulette, 12 S. W. (2d) 829; Robertson & Mueller v. Holden (Com. App.), 1 S. W. (2d) 570.

Some confusion is apparent in the decisions upon this question. See West Texas Coaches v. Madi, supra; T. & P. Ry. Co. v. Short, supra; Panhandle & S. F. Ry. Co. v. Miller, 44 S. W. (2d) 790; Texas & P. Ry. Co. v. Bufkin, 46 S. W. (2d) 714; Gulf Production Co. v. Adams et al., 49 S. W. (2d) 889; Orange & N. W. Ry. Co. v. Harris, 57 S. W. (2d) 931; Southern Ice & Utilities Co. v. Richardson, 60 S. W. (2d) 308; Three States Tel. Co. v. Kirkwood, 61 S. W. (2d) 568; Panhandle & S. F. Ry. Co. v. Miller, 64 S. W. (2d) 1076; Sanders v. Lowrimore et al., 73 S. W. (2d) 148, and Williams v. Rodocker, 84 S. W. (2d) 556.

■ The term "proximate cause" is a legal term with a fixed and long established legal meaning. The word in the term which necessitates that it be defined so as to convert it into language employing words of ordinary meaning, is the word "proximate." As stated by Chief Justice Gaines in Texas & Pac. Ry. Co. v. Bigham, supra, quoting from Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S., 469, 24 L. Ed., 256: "The question always is, Was there an unbroken connection? * * * Or, was there some

new and independent cause intervening between the wrong and the injury?" "New and independent cause" is likewise a term of fixed legal meaning that must be defined. Again it is not the word "cause" that necessitates a definition of the term, it is the words "new and independent." In other words there are two kinds of causes to be considered by the jury when there is evidence that negligent acts other than the alleged negligent acts of the parties was responsible for the injury. It is necessary that they be translated by definition into words of such ordinary meaning, and so differentiated, as to enable the jury to properly pass upon the issues. Art. 2189, R. S., 1925. The jury is thereby enabled to meet the requirement of the statute and also to avoid the "philosophical niceties of the age-old discussion of causation," which even the courts seek to avoid. See City of Dallas v. Maxwell (Com. App.), 248 S. W., 667, 27 A. L. R., 927.

The opinion of the Court of Civil Appeals in the Madi case in so far as it approves the definition of proximate cause in question has never been approved, and is here overruled.

■ The Supreme Court affirmed the Madi case (Com. App., 26 S. W. (2d) 199) without mention of the ruling by the Court of Civil Appeals upholding as sufficient the definition of proximate cause, but whatever seeming approval of the ruling was given by the affirmance was more apparent than real. The Supreme Court was not there passing upon a judgment of the Court of Civil Appeals reversing and remanding a cause where it would have been its duty, if it had been of opinion upon errors assigned in the application for the writ that the Court of Civil Appeals had erred in reversing the case, to ascertain whether the judgment of reversal could be sustained under any other assignment of error urged in the Court of Civil Appeals, as was the case in Cox, Inc., v. Humble Oil & Refining Co. (Com. App.), 16 S. W. (2d) 285. The Supreme Court in affirming the Madi case did so upon review of a judgment of the Court of Civil Appeals affirming the judgment of the trial court; and in the light of errors assigned in the application for writ of error it appeared the judgment was correct. Under such state of the record the correct judgment was that of affirmance, and the Supreme Court had no occasion, and was not required, to consider assignments outside of the application in order to sustain the Court of Civil Appeals judgment. It is disclosed from an inspection of the original application for the writ that it contained no assignment challenging the correctness of the definition of proximate cause. It was therefore waived, notwith-

standing such error was assigned in appellant's brief. The law requires all errors relied·upon by plaintiff in error to be'incorporated in the application for the writ of error and, if not, they are waived. Texas & P. Ry. Co. v. Perkins (Com. App.), 48 S. W. (2d) 249. The only error which will be considered by the Supreme Court when not assigned in the application in the state of the record reflected by the original record in the Madi case, is fundamental error. It is obvious therefore, such error not being fundamental, that affirmance of the Court of Civil Appeals judgment in that case, without more, did not constitute an approval of its ruling on the sufficiency of the definition of proximate cause.

The action of the Supreme Court in passing upon the application for writ of error in Texas & P. Ry. Co. v. Short, supra, was evidenced by an order of refusal, whereas the order in view of the fact that no approval of the language of the opinion of the Court of Civil Appeals in its discussion of what constituted a sufficient definition of proximate cause was intended, should have been that of dismissal for want of jurisdiction. Art. 1728, as amended by Acts, 1927, 40th Leg., p. 214, ch. 144. It is pointed out in this connection that the error was waived by plaintiff in error in the Short case in the same manner as in the Madi case, and upon a similar record.

Complaint is made of the refusal of the trial court to define other terms used in the definition of proximate cause. It is not necessary to discuss the propositions urged in this connection in view of the fact that in the definition above suggested the only term used therein that requires definition is new and independent cause; and none of the terms used in the definition of that term are such as to require defining.

■ Upon another trial the defensive issues of sole proximate cause, that is such of them as upon retrial find support in the evidence, should be submitted. Montrief & Montrief v. Bragg (Com. App.), 2 S. W. (2d) 276, and cases there cited. Whether the trial court erred in failing to submit the requested issues referred to in the opinion of the Court of Civil Appeals is not determinable by conditions as they appeared after the verdict is returned, but from the viewpoint of what the jury might have found if the issues had been submitted. Dixie Motor Coach Corp. v. Galvan, supra, and cases there cited. The jury should be instructed in connection with the issues of sole proximate cause that there can be only one sole proximate cause of an event.

It is not necessary to discuss the argument complained of by defendant further than to say a part of it was improper. We are not prepared to say, however, that it was not provoked by defendant. Doubtless the argument called in question nor the provocation will recur upon another trial.

■ It was improper also for plaintiff to ask one of the witnesses for defendant whether he had done any medical work for insurance companies. This has been too often held improper to require citation of authority. Any legitimate purpose which plaintiff may have had in mind in propounding the question could have been subserved in some way that did not suggest in the presence of the jury that defendant carried liability insurance.

There are other assignments that need not be discussed as the matters complained of will probably not occur upon retrial.

The judgments of the trial court and Court of Civil Appeals are reversed and the case is remanded.

Opinion adopted by the Supreme Court February 19, 1936.