## J. A. YOUNG V. C. R. MASSEY ET AL.

No. 7147. Decided February 10, 1937.
(101 S. W., 2d Series, 809.)

*King, Wood & Morrow* and *H. E. Cox*, all of Houston, for plaintiff in error.

On question of court's charge relating to proximate cause. Greer v. Thaman, 38 S. W. (2d) 378; Stamper v. Scholtz, 17 S. W. (2d) 184; Miller v. Panhandle & S. F. Ry. Co., 35 S. W. (2d) 194.

*Monteith, Neathery & Cutrer,* all of Houston, for defendants in error.

There was no error committed by the trial court in failing to instruct the jury as to the effect of intervening cause, since jury found that young Massey was not guilty of negligence. Leap v. Braziel, 93 S. W. (2d) 1215; Luckel v. Devor, 17 S. W. (2d) 1097; Stepp v. Texas & Pac. Ry. Co., 20 S. W. (2d) 324.

Mr. Justice Critz delivered the opinion of the Court.

This suit was instituted in the District Court of Harris County by C. R. Massey for himself, and as next friend for his minor son, Paul Massey, against J. A. Young, doing business under the trade name of "Young Motor Freight Lines," to recover damages because of injuries suffered by Paul Massey while riding a bicycle on a public street in the City of Houston, Texas. It is alleged that Paul Massey was struck and injured by a truck belonging to Young, and that such accident was caused by the negligence of the driver of the truck, who was the servant and employee of Young. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a verdict and judgment for both plaintiffs. This judgment was affirmed by the Court of Civil Appeals at Galveston. 95 S. W. (2d) 542. The case is before this Court on a writ of error granted on application of Young.

As already stated, the case was submitted to a jury in the trial court on special issues. The substance of these issues is set out in the opinion of the Court of Civil Appeals, and in the interest of brevity we do not repeat them here. The trial court submitted several issues of negligence on the part of the driver of the truck. Also, the trial court submitted several issues of contributory negligence on the part of Paul Massey. The jury found all issues of negligence and contributory negligence in favor of the Masseys and against Young. In connection with such issues the trial court defined negligence and proximate cause. The definition of proximate cause is under attack in this appeal. The definition given is as follows: " 'Proximate cause' is a cause without which injuries complained of would not happen, and from which such injuries or some like injuries might reasonably be anticipated as a natural and probable consequence by a person of ordinary care and prudence. There may be more than one proximate cause of an event."

■ Young objected to the above definition of proximate cause, because it does not include and define the term *new and independent cause*. It is the settled law of this State that if the evidence in a negligence case raises the issue of new and independent cause, it is reversible error not to include the term in the definition of proximate cause. Also, if such term is necessary to be used in the definition of proximate cause, it is reversible error not to define it. Phoenix Refining Co. v. Tips, 125 Texas, 69, 81 S. W. (2d) 60; Orange & N. W. R. Co. v.

Harris, 127 Texas, 13, 89 S. W. (2d) 973; Southland Greyhound Lines v. Cotten, 126 Texas, 596, 91 S. W. (2d) 326. In the opinion in the Cotten Case, supra, this Court discussed many of the authorities which hold contrary to our holding, supra, and expressly overruled them. In the case at bar the Court of Civil Appeals quotes from the opinion in Williams v. Rodecker (Civ. App.), 84 S. W. (2d) 556, wherein it seems to be held that in no instance is it necessary to include the term new and independent cause in the definition of proximate cause. It is needless to say that we overrule such holding.

■ In the Tips Case we held that the term new and independent cause means "the act or omission of a separate and independent agency, which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury." In such case we also held that the term proximate cause is generally defined as meaning "that cause, which in natural and continuous sequence, unbroken by any new and independent cause, produces the injury, and without which the result would not have occurred."

■ In spite of the above rules, it is a fact, as well as a rule of law, that all cases of negligence do not involve the question of new and independent cause. In such cases it is not necessary in defining proximate cause to include and define new and independent cause. Phoenix Refining Co. v. Tips, supra. In this connection we hold that if the evidence does not raise an issue of new and independent cause, it is not necessary to include the term in the definition of proximate cause.

■ From what we have said supra, it is evident that the question as to whether this charge on proximate cause is defective in the respect under consideration must turn on the further question as to whether the evidence contained in the record raises the issue of new and independent cause. When we come to examine the record in this regard, we are convinced that, when the evidence is considered in its most favorable light for Young, no such issue is involved. If the evidence on behalf of Young is to be believed, Paul Massey's bicycle slipped in some way, and he was thereby thrown under or in front of the truck. If the evidence on behalf of the Masseys is to be believed, Paul Massey was struck by the truck and knocked down. Such a record simply presents a question as to how the accident happened. There is no issue as to whether some separate and independent agency intervened.

Counsel for Young earnestly insist that the definition of proximate cause is erroneous, even if it be admitted that new and independent cause is not involved, because such definition leaves out the issue of *natural and continuous sequence*. This objection to the charge is not well taken. The term *continuous sequence* is used only when a new and independent cause is involved. The charge as given includes the term or phrase *natural and probable consequence*. This is sufficient in a case where there is no evidence as to whether a separate and independent agency intervened between a negligent act and an injury.

We pretermit any discussion on the assignments in the application for writ of error involving the question of discovered peril. We hold that the judgments of the two lower courts can properly be sustained on the jury's findings of negligence. The issue of discovered peril therefore becomes immaterial.

We have carefully examined all the other assignments of error contained in the application, and in our opinion the Court of Civil Appeals has properly disposed of them.

The judgments of the Court of Civil Appeals and of the district court are both affirmed.

Opinion delivered February 10, 1937.