**SCOTT v. GARDNER et al.**

No. 13548.

Court of Civil Appeals of Texas.
Fort Worth.

May 14, 1937.

Rehearing Denied June 11, 1937.

1110

Cantey, Hanger & McMahon, J. A. Gooch, and James C. Wilson, Jr., all of Fort Worth, for appellant.

McGown & McGown, John M. Scott, Jr., and B. E. Godfrey, all of Fort Worth, for appellees.

BROWN, Justice.

This is an appeal from a judgment rendered against appellant under the theory that appellant is liable under article 6701b, Vernon's Ann.Civ.St., known as the "Guest Statute."

The instant suit is the first of its kind to appear before this court, but such suits have been before several of the other courts of Civil Appeals.

Appellant was not driving his automobile, but the husband of appellee, Beulah Gardner, one George Gardner, was doing the driving.

The right to recover is predicated upon the following contention: That appellant invited Mrs. Beulah Gardner to ride in the auto from Fort Worth to the Scott Ranch, some twenty miles out, and that while Gardner was driving the car in a careful manner, appellant threw his arm around Mrs. Gardner, choking her by the act, and using some rough language to her; that Gardner remonstrated with appellant and appellant then kicked and in so doing struck the steering wheel, knocking Gardner's hand from same, and as a result Gardner lost control of the car, and it was wrecked. All parties were injured in the accident.

The record discloses that appellant never saw Mrs. Gardner until just before the trip was undertaken.

The cause was tried to a jury and a number of special issues were submitted, including issues covering contributory negligence on the part of Gardner.

Among other facts, the jury found: That immediately prior to the accident appellant kicked the steering wheel; but that such act was not intentional; but found that the kicking constitutes "heedlessness or reckless disregard of the rights of others," on the part of appellant; that such kicking was a proximate cause of the accident; that Gardner was not driving the car in a reckless manner, or on the shoulder of the road; that appellant acted with "malice" in kicking the steering wheel; that the recovery should be $7,000, and $1,400 hospital and doctor's bills; and no exemplary damages were awarded.

The trial court rendered judgment against appellant for the sum of $7,000.

We do not feel the necessity of commenting upon all of the assignments of error, because of the view we take of the case.

Taking up the assignments of error growing out of criticisms of the charge given the jury, we see no error in giving the definitions of "ordinary care," "negligence," and "proximate cause."

Under the "Guest Statute," contributory negligence is no defense to a cause of action, and the trial court should not have submitted the issues of contributory negligence on the part of Gardner. Aycock v. Green (Tex.Civ.App.) 94 S.W.(2d) 894.

We can readily see how and why a defendant may plead acts of negligence, in such a case as this, as the sole cause of the accident, and these necessary definitions might become most material to the defense.

If the cause had been submitted on issues to establish the negligent acts of Gardner as the sole cause of the accident, the definitions, complained of, would have been necessary, and there could be no error in giving same solely because the court's charge covers contributory negligence, instead of "sole cause" of the accident.

The "Guest Statute," on which recovery is here sought, reads as follows: "Sec.

1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." Acts 1931, 42nd Leg., p. 379, c. 225 (Vernon's Ann.Civ.St., art. 6701b, § 1).

The trial court gave the following definition: "By the term 'heedlessness or reckless disregard of the rights of others' as used in this charge means the doing or failure to do a thing by a person who is indifferent, oblivious and careless to the consequences of such doing or failure to do such act and without consideration for others. It is not necessary that such act be done with a willful purpose of inflicting injury in order to constitute 'heedlessness or reckless disregard of the rights of others,' but must be in connection with the doing of such act or omission to act under circumstances indicating the natural or probable result and the consequence thereof."

We find the Texas Legislature has copied the Connecticut statute and it is a well-recognized canon of construction that we must adopt the construction given the identical statute by the court of last resort of the state whose statute we have seen fit to adopt. Napier v. Mooneyham et al. (Tex.Civ.App.) 94 S.W.(2d) 564, 567 (writ dismissed).

In the Napier Case, Mr. Justice Funderburk has well said: "The Supreme Court of Errors of Connecticut in construing the act has held that the word 'heedlessness' should be 'heedless,' and as an adjective the same as 'reckless' modify the word 'disregard'; that the connective 'or' between 'heedlessness' and 'his reckless disregard' should be read as 'and,' so that the entire term would read 'or caused by his heedless and his reckless disregard of the rights of others.' "

Further in the opinion the following language is used: "It is very clear that the word 'heedlessness' is not used in its ordinary signification which, as pointed out in Silver v. Silver, supra [108 Conn. 371, 143 A. 240, 65 A.L.R. 943], connotes a lack of care substantially identical with that indicated by the word 'negligence.' The words 'reckless' and 'disregard' have ordinary and popular meanings different from the sense in which they are here used. We think there should be no separate definition of the term 'heedlessness,' but that the entire reconstructed term 'his heedless and his reckless disregard' should be treated as a unity, and be so defined as to be exclusive of ordinary negligence and include the essential characteristics of gross negligence. We suggest as a sufficient definition of 'his heedless and his reckless disregard' the following: Such an entire want of care (not including, but excluding, ordinary care) sufficient to raise the belief or presumption that the act or omission complained of was the result of conscious indifference to the rights, welfare, or safety of the person or persons to be affected by it."

The Supreme Court has not had our "Guest Statute" before it, except on application for writ of error, and such application having been "dismissed" in the Napier Case, we feel that the Court of Civil Appeals for the Eastland District, speaking through Mr. Justice Funderburk, has blazed a well-marked trail, wholly acceptable to the Supreme Court, and well worth following.

Viewed in the light of the Napier Case, we believe that the definition of the phrase "heedlessness or reckless disregard of the rights of others," is not clear and concise, but that same is misleading and confusing.

If we should construe the first paragraph of the definition as being in substantial compliance with the rule laid down by the Eastland Court of Civil Appeals (and we must be liberal to so do), then it is certain that the last paragraph is confusing and misleading.

We have endeavored to ascertain the basis on which the Legislature has provided for a recovery by a guest, and we construe the statute to mean that: The accident must be intentional on the part of the owner or operator: That is to say, the owner, although not operating the auto, may intentionally cause the accident; or that the owner, while either operating the car, or while controlling, or attempting to control, the operation of the car may be guilty of a "heedless and reckless disregard for the rights of others."

The owner of the car, in the instant suit, was neither driving the car, nor at-

tempting to control its operation, according to the evidence before us.

The jury found that the owner did not intentionally kick the steering wheel. Whether, or not, the owner could be held liable, in such a case as here presented, on the theory that his act was done in "a heedless and reckless disregard of the rights" of his passenger, the appellee, when presented under a proper instruction, we do not here decide. Such issue is not here presented.

The driver of the car—husband of the appellee, who sues for injuries, and such appellee, both made written statements absolving appellant of all responsibility for the accident.

They have repudiated their statements, giving as a reason that appellant promised "to take care of all the damages and expenses."

Appellant asked for a new trial because of newly discovered evidence at the hands of one Mrs. R. L. Burton, to whom Mr. Gardner voluntarily made a statement corroborating the statement he made absolving appellant from all responsibility.

We are frank to say that we are not inclined to favor any litigant who is willing to admit under oath that he has perjured himself for the purpose of private gain.

The record discloses that appellant did not learn of this new evidence until after judgment was rendered against him.

If the statement made by Gardner is true, then appellant cannot be held responsible for the accident.

The new trial should have been granted, under the disclosed facts.

For the reasons assigned, the judgment of the trial court is reversed, and the cause is remanded.

### On Motion for Rehearing.

Having given in the charge definitions of "ordinary care" and "negligence," both of which definitions have to do with common-law negligence—ordinary negligence, or simple negligence—and the Guest Statute (Vernon's Ann.Civ.St. art. 6701b) having done away with the right of a guest to recover for such negligence, but having restricted the complaining party to a recovery occasioned by gross negligence, it occurs to us that there is manifest error in the charge wherein the trial court, after attempting to define "heedless and reckless disregard of the rights of others," added thereto: "It is not necessary that such act be done with a wilful purpose of inflicting injury in order to constitute 'heedlessness or reckless disregard of the rights of others', but must be in connection with the doing of such act or omission to act under circumstances indicating the natural or probable result and the consequences thereof."

This paragraph, or portion, of the court's charge, when taken in connection with the definitions of "ordinary care," "negligence," and "proximate cause," tended to lead the jury to believe that the defendant below was guilty of a "heedless and reckless disregard of the rights of others," if his act, or his omission to act, under the circumstances surrounding the parties, indicated that he knew the natural or probable result and the consequences to follow.

Appellee contends that the charge is simple, readily understood, and correctly defines the provisions of the Guest Statute.

We do not believe it is capable of such simple construction, or that it is readily understood as correctly defining the statute under which the suit is brought.

We believe that it advises the jury that, if the defendant below acted, or omitted to act, under such circumstances indicating that he knew, or by the exercise of ordinary care should have known, the natural and probable result of his act, or omission, and the consequences thereof, he would be guilty of gross negligence.

We believe that the paragraph or portion of the charge under observation destroys the effect of the paragraph, or portion, that precedes it, in so far as the duty to expressly exclude "ordinary care" from consideration by the jury is concerned. Furthermore, if it does not absolutely give such effect to the charge, it is assuredly so misleading and confusing that the jury was warranted in finding thereunder that the failure to exercise ordinary care by the defendant below, and his negligence because of such failure constituted a "heedless and reckless disregard of the rights of others."

The motion for rehearing is overruled.