## JOHNSON v. SMITHER.

No. 13737.

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1938.

Rehearing Denied May 6, 1938.

Darden, Burleson & Wilson, of Waco, and Nelson Scurlock, of Fort Worth, for appellant.

Martin & Moore, of Fort Worth, for appellee.

BROWN, Justice.

Appellee brought suit against appellant and R. L. and H. G. Johnson for damages for personal injuries growing out of the collision of appellant Henry Johnson's passenger-automobile with a truck owned and operated by R. L. and H. G. Johnson. All of such persons were sued as joint tort-feasors.

Appellee had listed for sale or trade a farm which she owned, with the appellant, who is a real estate broker; and the pleadings and proof disclose that she went in appellant's automobile, with appellant, to show him the said farm. The accident occurred on the highway during this trip.

The cause being tried to a jury in answer to special issues submitted, the jury found: (1) That the collision in which appellee was injured was not an unavoidable accident; (2) that appellant was driving his automobile at the rate of 50 miles per hour at the time of the accident; (3) that such rate of speed was negligence; (4) that it was a proximate cause of the collision; (5) that at the time of the collision a portion of appellant's automobile was on the left side of the center of the road; (6) that being in such position was a proximate cause of the collision; (7) that the truck owned by the other Johnsons was being driven 30 miles per hour, at the time of the collision; (8) that such rate of speed was not negligence; (9) that such speed was not a proximate cause of the collision; (10) that the truck was not being driven on the left-hand side of the road (to R. L. Johnson); and fixing the amount of damages at $3,000. To issue 13 the jury found that appellee accompanied appellant on the trip for the purpose of pointing out to appellant the way to her farm.

On the verdict the trial court rendered judgment for appellee against appellant, Henry Johnson, and found in favor of R. L. and H. G. Johnson. Henry Johnson has appealed.

The first assignment of error presents the question of the status of the parties in relation to the provisions of article 6701b,

Vernon's Ann.Civ.St., commonly known as the Texas Guest Statute.

Appellant contends that the provisions of such statute control because appellee, Mrs. Smither, was his guest and was being transported without paying for her transportation.

We have concluded that under the facts of this case and under what we consider a proper construction of the statute, Mrs. Smither was not a guest.

In the first place we are of opinion that the statute should not be construed in such manner that its provisions will be made to apply in every case where the passenger has not actually compensated, or agreed to compensate, the owner for his transportation.

We do not believe the Legislature of Texas had any such intention in passing the statute. In the emergency clause, Acts. 1931, c. 225, the lawmaking body said: "The fact under present law fraud may be perpetrated upon insurers of owners and operators of motor vehicles, creates an emergency, etc." The history of the Texas statute (which follows the Connecticut statute) and other like statutes, is that a serious situation appears to have arisen through mere guests, who were injured in automobile accidents, bringing suits against the owners and operators of such vehicles, where the owners, or operators, carried insurance, and a seeming disposition upon the part of such owners, or operators, to assist the guest in procuring a judgment for the personal injuries sustained. Such judgments in nowise injured the owner or operator but the actual recovery was against the insurance carrier. The various lawmaking bodies were of opinion that the bringing of such suits had become a "racket."

We do not believe that the statute was ever intended to cover cases in which the owner and the so-called guest were engaged in a joint enterprise, or where the owner and so-called guest were making a trip for the mutual benefit of the parties.

As was said by this court in the case of Scott v. Gardner, 106 S.W.2d 1109, writ dismissed, the Court of Civil Appeals in construing a Texas statute enacted by copying the statute of another state must adopt the construction given such statute by the court of last resort of the state whose statute Texas had adopted. Hence, we turn first to the decisions of the court of last resort of Connecticut.

In the case of Bree v. Lamb, 120 Conn. 1, 178 A. 919, the plaintiff and defendant were employees of Sears, Roebuck & Company and were en route to a business meeting at the time of the accident. The defendant was the district manager of such company and the plaintiff a mere subordinate employee. The Connecticut court of last resort said (page 921): "If he is being transported for the mutual benefit of himself and the driver or owner of the car, he is not a guest. The benefit must be a tangible one growing out of definite relationship. * * * It need not be a consideration agreed upon for the transportation."

The case of Russell v. Parlee, 115 Conn. 687, 163 A. 404, grew out of the following facts: Parlee, the defendant, owned a farm which she had purchased from one Grant. She made an arrangement with Grant whereby he remained on the farm and operated it for their mutual benefit. Grant hired Russell to assist him in the work. Parlee went in her car to get Grant and take him to her farm to do certain work. He in turn called Russell, the plaintiff, to go and work with him. Parlee knew that Russell was to work with Grant on her farm. She took them in her automobile, and, on the way the accident occurred in which Russell was injured. The jury found that Russell was not Parlee's guest.

The court said (page 405): "In Kruy v. Smith, 108 Conn. 628, 144 A. 304, the plaintiff was injured while being transported by the defendant in her car to the latter's residence, where she was engaged to work as a laundress. We held that the trial court was not justified in directing a verdict in favor of the defendant on the ground that the plaintiff was a 'guest' within the purview of the statute, and said (page 629 of 108 Conn., 144 A. 304, 305): 'The Legislature, when it used the word "guest," did not intend to include persons who are being transported for the mutual benefit of both the passenger and the operator or owner of the car, and, in determining whether the transportation was for the mutual benefit of both, not merely the act of transportation must be considered, but also any contract or relationship between the parties to which it was an incident. Whether one is a "guest" must often resolve itself into a question of fact, to be determined by the jury under appropriate instructions from the court.'" In this opinion the court also cites Leete v. Griswold, Post No. 79, American Legion, 114 Conn. 400, 158 A. 919

Further in the opinion the court said (page 406): "The person transported is not a guest within the meaning of the statute if the transportation is for the mutual benefit of both parties, and in determining whether it was for their mutual benefit the relationship between the parties to which it was an incident may be considered. The relationship must be definite and the benefit tangible, * * * but it is not required that the relationship be such that the benefit accruing is the consideration for transportation agreed upon by the parties. See Loftus v. Pelletier, 223 Mass. 63, 111 N.E. 712; Lyttle v. Monto, 248 Mass. 340, 142 N.E. 795."

The conclusions drawn by the Connecticut court and by us are amply supported by decisions from the appellate courts of California, Iowa, and Michigan, and are cited in appellee's brief, but we feel no necessity for incorporating them in this opinion, Texas having adopted the Connecticut statute.

The jury in the case at bar expressly found that appellee accompanied appellant (the real estate broker whom she had employed for the purpose of trading or selling her farm) "for the purpose of pointing out to him the way to her farm.".

Independent of this finding, we think the evidence indisputably establishes the relationship of broker and owner, and that the owner accompanied the broker for the purpose of showing him the way to her farm to the end that the broker might inspect the farm and be in a position to show it to prospective buyers. Undoubtedly the trip was for the mutual benefit of appellant and appellee, and the provisions of the Guest Statute do not apply.

The conclusions reached render it unnecessary for us to discuss the next proposition raised by appellant, wherein he complains of the trial court refusing to give the jury an issue requiring the jury to find that appellee was not obligated to pay appellant for the transportation. There was no error in such refusal.

The next proposition asserts that it was error for the trial court to submit to the jury issue No. 13, requiring the jury to find whether or not appellee accompanied appellant for the purpose of pointing out to him the way to her farm.

The contention is that such issue was not an ultimate issue but merely evidentiary. As we pointed out above, we think the facts are undisputed and conclusive as to the purpose of the trip and the relationship of the parties, but we do not consider the issue subject to the criticism.

The purpose of appellee in accompanying appellant, on the occasion, in part establishes the relationship of the parties and the actual reason for appellee making the trip.

It seems to us that appellee's purpose in accompanying appellant, at the time, was most material in determining the status of the parties under the Guest Statute. If appellant had been thoroughly conversant with the location and condition of the farm and if there had been no service that appellee could render him in these matters, and if the evidence had disclosed that appellee requested appellant to permit her to accompany him, on the occasion, when her reason for going was not connected with the employment of appellant in the matter of selling, or trading her farm, we could see how the jury could have found such purpose and thus established the fact that she was a mere guest.

We think that had the jury answered the issue thus submitted "No," and had the evidence been sufficient to support the finding, the verdict would have established appellee's relationship as that of a guest.

If as is contended, the evidence is conflicting, then the jury has returned a verdict supported by the evidence.

The fourth proposition complains of the failure of the trial court to incorporate in the definition of "proximate cause" the element "new and independent cause" and the failure to define such in the charge.

The charge as given is one many times approved where the evidence does not raise the issue of new and independent cause.

In this case all of the defendants were sued as joint tort-feasors, and the plaintiff sought to recover from all of them on the theory that their acts of negligence concurred in bringing about the accident.

The jury found that the defendants who were operating the truck were not negligent, and the evidence adduced in support of such verdict is not sufficient to raise the issue of a new and independent cause. The situation is not one in which the defendant found guilty of negligence in bringing about the collision between the automobile and the truck was confronted with the presence of some other vehicle or object that appeared on the scene and exerted its influence upon the driver of the automobile or upon the

driver of the truck, or upon both, as an independent agency affecting the conduct of one or both such persons. The conduct or negligent acts of the operators of the autobile and the truck which collided are only involved here. We overrule the contention.

Appellant cites, among other cases Southland Greyhound Lines, Inc., v. Cotten, 126 Tex. 596, 91 S.W.2d 326, but that case, so strongly relied upon, sustains our conclusions. There a third party's obstruction of the highway was a factor in the collision. Young v. Massey, 128 Tex. 638, 101 S.W.2d 809.

In the case of Williams v. Rodocker, 84 S. W.2d 556, the Court of Civil Appeals for the Eastland district, in discussing a like assignment of error, held that the failure to include the element of new and independent cause in the charge was not error, where the trial court submitted—as was done in the instant suit—an issue covering unavoidable accident. In discussing the matter the court said (page 558): "Had plaintiff pleaded particular facts as constituting an unavoidable accident, and other distinguishing facts as constituting a new and independent cause, then both issues should have been submitted with reference to each group."

The pleadings before us do not disclose that the two issues were raised, nor does the evidence raise them.

■ The fifth contention is, that the evidence disclosed that at least a portion of the pain, suffering, and disability to work, complained about by appellee, was caused by injuries sustained theretofore by her, and that the trial court erred in not expressly limiting the plaintiff's recovery to the injuries sustained in the accident in controversy. That is to say, that all injuries, damages, and disabilities sustained by the plaintiff by reason of her former accident should have been expressly excluded by the court in the charge.

The injuries complained about in this suit were suffered on the right side of the plaintiff; her right collar bone, right arm, and the top of her head. The injuries relied upon by appellant were caused by burns suffered to her left side and arm.

The charge of the court specifically confined the jury to a consideration of recovery for pain and disability to work suffered by the plaintiff "as a direct result of the injuries" sustained by her in the collision in question. This specific limitation was placed upon each separate item or matter to be considered by the jury. Tennessee Dairies, Inc., v. Seibenhausen, Tex.Civ.App., 99 S. W.2d 323, writ dismissed; Armour & Co. v. Tomlin, Tex.Com.App., 60 S.W.2d 204.

■ By the next proposition appellant contends that the trial court erred in refusing to give his requested issue requiring the jury to find whether or not the defendant R. L. Johnson failed to turn his vehicle to the right immediately before meeting the car driven by appellant.

Appellee contends that the evidence does not raise the issue requested. We believe her contention correct. It rests on the testimony given by appellant who said, in substance, that when he saw R. L. Johnson, Johnson's vehicle was "pretty well over on the center of the road," and when asked if the witness would say that R. L. Johnson's "left wheels were on the west side of the center of the road" the witness answered: "I do not know that they were over the center but they were near the center." He further testified that to the best of his judgment R. L. Johnson's vehicle remained in that position.

This testimony does not raise the issue requested. It does not tend to show that R. L. Johnson was not operating his vehicle on any part of the road where it did not lawfully belong, and that there was any duty devolving upon R. L. Johnson to turn his vehicle to the right.

■ The last proposition presented asserts that the trial court erred in refusing to give appellant's requested issue requiring the jury to find whether or not R. L. Johnson at the time of the collision "was driving his truck at an excessive rate of speed, under the circumstances."

In the first place, the pleading of appellant does not raise such issue. In his pleading he charges R. L. Johnson with operating his vehicle "at a fast and excessive rate of speed and considerably faster than twenty-five miles per hour which is the maximum rate authorized by the Penal Code of the State of Texas, Vernon's Ann.P.C. art. 827a § 8, for motor vehicles of the type and weight which he, R. L. Johnson, was driving."

Such allegations do not raise the issue of common-law negligence arising by reason of operating a motor vehicle at a rate of speed that may be found by a jury to be excessive or negligent, under the circumstances of the particular case.

Furthermore, the trial court submitted an issue covering the rate of speed at which R. L. Johnson was driving his vehicle and the jury found same to be 30 miles per hour, but under the succeeding issue found that such rate of speed was not a proximate cause of the collision.

The issue of sole proximate cause of the collision, by reason of the manner in which R. L. Johnson was driving his vehicle, was not raised by the pleadings.

All assignments of error are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

Appellant insists that the recent opinion by the Supreme Court, Tarry Warehouse & Storage Co. v. Duvall, 115 S.W.2d 401, not yet published [in State report], in which the judgments of the trial court and Court of Civil Appeals were reversed, 94 S.W.2d 1249, is authority for requiring a reversal of the instant suit for failure to include and define "new and independent cause" in the court's charge.

Our Supreme Court has held that a "new and independent cause" is one that could not have been reasonably foreseen, or anticipated, in the light of the attendant circumstances.

In the case relied upon by appellant, the Supreme Court held that the bright lights of an approaching vehicle, which blinded the driver of the truck that collided with another truck parked on the side of the road, raised the issue of new and independent cause.

We were of opinion that the truck driver ought to have reasonably foreseen such an event, it being one that is commonly encountered and experienced by every person who drives at night.

We respectfully accept and follow the holding of our Supreme Court in that case, but there is no act of a third person involved in the instant suit and we do not believe that the acts or omissions of a negligent party, which brought about the accident of which complaint is made, can be said to be an independent agency, nor do we believe that the acts or omissions of the injured persons constitute a new and independent agency. Such is the record before us, and we follow the Dallas Court of Civil Appeals in its holding in Magnolia Petroleum Co. v. Owen, 101 S.W.2d 354, writ dismissed.

The motion is overruled.