FLORA H. GOLDBERG v. FERN J. COOK.[1]

December 15, 1939.

No. 32,090.

*William E. Tracy,* for appellant.
*Jenswold & Dahle,* for respondent.

[1]Reported in 289 N. W. 512.

PETERSON, JUSTICE.

Plaintiff, who is defendant's mother, brings this action to recover for personal injuries sustained on December 14, 1935, while riding in the latter's automobile near Van Horn in the state of Texas, en route with defendant and her two children from Duluth, Minnesota, to Los Angeles, California.

Defendant's husband had been advised by his physician to spend the approaching winter in California in order to escape the cold in Duluth. The family planned to be with him. Defendant was to go ahead of him, take the children, the maid, and the family car with her, rent a house in or near Los Angeles, and complete all arrangements there before the husband left Duluth. He was unable to stand an automobile trip and was to go by train. A young man living in Duluth was to drive the car.

Plaintiff by an arrangement with defendant before they left agreed to go along for the sole purpose of helping her. Defendant and her husband importuned plaintiff over a period of several weeks to go along. She refused for the reasons that the trip would serve no purpose of hers, inasmuch as she had been in California twice within recent years, that she preferred to be in her own home, where she lived happily and comfortably with her son and daughter-in-law, and that she could not afford whatever expense might be incident to the trip. The daughter desired her along to help her with the children on the trip, to be with her in Los Angeles, and help her get settled there. She finally agreed to go for the sole purpose of assisting her daughter in the respects mentioned. While the purpose was as stated, plaintiff was not hired, she was not to be paid for any service rendered, nor did she expect any reward. Defendant's expenditures for the trip were not to be compensation for plaintiff's going along.

The parties left Duluth on the morning of December 10. On the evening of the 14th as they were driving on a pavement 21½ feet wide, which was straight at that place, near Van Horn, the automobile had a head-on collision with a car driven by one Bowers. Defendant's car was going down a slight grade at

about 50 to 55 miles per hour. It was about 7:30 p. m. and dark. Both cars had their headlights on. Plaintiff was sitting in the rear seat on the right side looking ahead. She saw the Bowers car coming from the opposite direction about a block away. Suddenly she saw that the lights of the Bowers car were shining in her face, and then the cars collided head on. Up to the time of the impact there was nothing to excite plaintiff's apprehension or notice. Bowers testified that defendant's car came over on his side of the pavement and hit him. Defendant's driver testified that he did not see the Bowers car before the collision and that he was not dozing.

While the evidence showed the speed of defendant's car to be as stated, plaintiff did not know how fast it was going. Under the Texas law speed in excess of 45 miles per hour is negligence *per se*.

Defendant did not appear as a witness.

Defendant contends that plaintiff was a guest without payment for her transportation within the meaning of Gen. Laws Texas, 1931, c. 225, § 1, p. 379 (Vernon's Texas St. 1936, art. 6701b, § 1[2]) and not entitled to recover unless the accident was caused intentionally by the defendant, or by her heedlessness and reckless disregard of the rights of plaintiff. Plaintiff admitted that the accident was not caused intentionally, or through heedlessness or reckless disregard of her rights. She insisted that she was not a guest and not subject to the statute at all. Defendant also made a further claim that plaintiff was guilty of contributory negligence.

Whether plaintiff was a guest was submitted to the jury. The Texas statute was read to the jury. The court instructed the

[2]"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

jury that plaintiff was not a guest without payment for her transportation if she accompanied defendant on the trip under an oral agreement to assist her with the performance of some duty or duties or for the mutual, definite, and tangible benefit of defendant on the one hand and plaintiff on the other. It refused to submit the issue of plaintiff's contributory negligence to the jury. The effect of the charge was that if plaintiff were a guest she was not entitled to recover; but, if she were not a guest, she was entitled to recover if the jury found defendant guilty of ordinary negligence. Plaintiff had a verdict, and defendant appeals.

Here, as below, defendant contends that the evidence conclusively showed that plaintiff was a guest within the meaning of the Texas statute and that plaintiff's contributory negligence was a fact question for the jury.

■ The parties concede that the Texas guest statute was adopted from Connecticut with the judicial construction thereof by the highest court of that state prior to its adoption by Texas. Each party has cited cases to sustain that proposition, among which are Napier v. Mooneyham (Tex. Civ. App.) 9 S. W. (2d) 564; Aycock v. Green (Tex. Civ. App.) 94 S. W. (2d) 894; Scott v. Gardner (Tex. Civ. App.) 106 S. W. (2d) 1109; Johnson v. Smither (Tex. Civ. App.) 116 S. W. (2d) 812.

There is no decision of the supreme court of Texas on the precise question before us. Absent such a decision, there is no controlling Texas authority, although there are decisions by some of the courts of civil appeals. See 15 C. J. pp. 1114-1120, §§ 555-556. The delicate task of construing a statute of a sister state must therefore be performed here as it was in Teders v. Rothermel, 205 Minn. 470, 286 N. W. 353.

In Elkins v. Foster (Tex. Civ. App.) 101 S. W. (2d) 294, defendant transported plaintiff gratuitously for the purpose of having plaintiff exert political influence to save defendant's brother's position as postmaster. Plaintiff's efforts were solely out of regard for his friendship with defendant and entirely apart from his being transported without payment for the ride. The reten-

tion of the brother as postmaster was of financial benefit to defendant. The court held that plaintiff was not a guest, but a passenger. In Johnson v. Smither (Tex. Civ. App.) 116 S. W. (2d) 812, plaintiff, who had employed defendant as broker to sell or trade her farm, was injured while riding with him for the purpose of showing him the way to the farm so he might be able to show it to prospective purchasers. The court, following Kruy v. Smith, 108 Conn. 628, 144 A. 304, and other Connecticut cases, held that a person transported for the mutual benefit of the parties is not a guest within the meaning of the statute.

Defendant cites as opposed to Elkins v. Foster (Tex. Civ. App.) 101 S. W. (2d) 294, and Johnson v. Smither (Tex. Civ. App.) 116 S. W. (2d) 812, the cases of Raub v. Rowe (Tex. Civ. App.) 119 S. W. (2d) 190, and Rowe v. Rowe (Tex. Civ. App.) 119 S. W. (2d) 194. In Raub v. Rowe it was held that payment by a person transported as defendant's guest of his proportionate share of the expense of a trip pursuant to an arrangement made in advance did not constitute payment for his transportation and that the rider was a guest. The question was not whether the rider was a guest, but whether, assuming that he was, his contribution of a share of the cost was payment for the ride. The decision is not in point and, so far as concerns the point decided, is opposed to the weight of authority. See Teders v. Rothermel, 205 Minn. 470, 286 N. W. 353; Kerstetter v. Elfman, 327 Pa. 17, 192 A. 663. In Rowe v. Rowe (Tex. Civ. App.) 119 S. W. (2d) 194, a companion case to Raub v. Rowe (Tex. Civ. App.) 119 S. W. (2d) 190, the plaintiff, who was defendant's nephew, went along on the trip as the guest of the others so that the other members of the party, who were women, might have a man along and to assist them when necessary. The court did not take notice of the beneficial nature of plaintiff's services to defendant and held that the case was governed by its companion, Raub v. Rowe.

The Rowe cases, decided by the El Paso civil court of appeals, are not to be followed for the reason that decision was based upon the proposition that each rider was present for his own benefit.

That in itself distinguishes those cases from the instant one, since the finding implicit in the verdict here is that plaintiff's transportation was for defendant's benefit. Where the rider is transported not for his own but for the operator's benefit, an entirely different question is presented. The question, as pointed out in Elkins v. Foster (Tex. Civ. App.) 101 S. W. (2d) 294, is whether such a transported party is a guest. It seems that Elkins v. Foster, and Johnson v. Smither (Tex. Civ. App.) 116 S. W. (2d) 812, decided by the Amarillo and Fort Worth civil courts of appeals, respectively, holding that one who is transported for the benefit of the owner of the automobile is not a guest, are in accord with the Connecticut rule, which Texas adopted as the proper construction of the statute.

The Texas guest statute was enacted in 1931. In 1929 the Connecticut court decided Kruy v. Smith, 108 Conn. 628, 144 A. 304, which is one of the leading cases. Construing the Connecticut guest statute, the court held that the plaintiff was not a guest while being transported gratuitously by defendant to his home to do housework there upon the ground that it was not intended by the use of the word "guest" to include persons transported for the mutual benefit of both the passenger and the operator or owner of the automobile, and that in determining whether the transportation was for the mutual benefit of both, not only the act of transportation, but any contract or relationship between the parties to which it was an incident, should be considered. The person transported is generally held to be a guest if the transportation is for his benefit and the owner or operator derives as incidental to his hospitality only companionship and the like; but if there is mutual benefit or any benefit conferred upon the owner or operator of the automobile by the presence of the passenger, the latter is not a guest, but a passenger. Smith v. Clute, 277 N. Y. 407, 14 N. E. (2d) 455, citing Kruy v. Smith, 108 Conn. 628; notes, 82 A. L. R. 1365, 95 A. L. R. 1180; 4 Blashfield, Cyc. Auto. Law & Practice (Perm. ed.) § 2292.

In Hart v. Hogan, 173 Wash. 598, 24 P. (2d) 99, following Kruy v. Smith, 108 Conn. 628, 144 A. 304, plaintiff, who was carried as the uncompensated companion or nurse of defendant's wife, was held not to be a guest, since the transportation was for the benefit of the wife and the husband as her principal. The injury occurred before the enactment of the Washington guest statute in 1933. See Shea v. Olson, 185 Wash. 143, 53 P. (2d) 615, 111 A. L. R. 998; Id., 186 Wash. 700, 59 P. (2d) 1183, 111 A. L. R. 1011. The case was decided under the guest rule then obtaining in that state independent of statute as in Massachusetts. See Chumley v. Anderton, 20 Tenn. App. 621, 103 S. W. (2d) 331.

In Peronto v. Cootware, 281 Mich. 664, 275 N. W. 724, plaintiff was held not to be a guest while she was riding gratuitously in her son's automobile on the way to the home of another son to care for the latter's sick wife for compensation, upon the ground that the trip was not made for plaintiff's pleasure or business, but for the benefit of the second son, for whom she was to render a requested service. The Michigan court follows Kruy v. Smith, 108 Conn. 628, 144 A. 304; see McGuire v. Armstrong, 268 Mich. 152, 255 N. W. 745, and Monison v. McCoy, 266 Mich. 693, 700, 256 N. W. 49. In McGuire v. Armstrong the court pointed out that the word "guest" as used in the statute connotes a social relationship in which the owner or operator acts as host and the rider is his guest, and that where the purpose is to benefit the owner or operator the existence of such a relationship is entirely wanting.

The controlling consideration here is not that plaintiff was not to be compensated for her services or that she was defendant's mother, but that her transportation was a benefit to defendant.

Defendant relies on Flynn v. Lewis, 231 Mass. 550, 121 N. E. 493, 2 A. L. R. 896; Master v. Horowitz, 237 App. Div. 237, 261 N. Y. S. 722, affirmed without opinion 262 N. Y. 609, 188 N. E. 86; and Clendenning v. Simerman, 220 Iowa, 739, 263 N. W. 248. We do not think it is necessary to say more than that the courts which decided the cited cases by later decisions have expressly

indicated adherence to the views which we have stated. Semons v. Towns, 285 Mass. 96, 188 N. E. 605; Weida v. MacDougall (Mass.) 16 N. E. (2d) 60, distinguishing Flynn v. Lewis, 231 Mass. 550; Smith v. Clute, 277 N. Y. 407, distinguishing Master v. Horowitz, 237 App. Div. 237, on another point; Knutson v. Lurie, 217 Iowa, 192, 251 N. W. 147, following Kruy v. Smith, 108 Conn. 628, 144 A. 304.

We think that under the Connecticut rule announced in Kruy v. Smith and followed in other cases, including those from Texas, the Texas statute should be construed as providing that a person transported gratuitously for the benefit of the owner or operator of the automobile is not a guest. The court below in its charge stated the Texas rule as we conceive it to be, and the evidence sustains a finding that plaintiff was not transported as a guest.

■ Plaintiff was not driving the car and had no control or right of control. She did no affirmative act that caused or contributed to the accident. She stands charged with omission to act. But the evidence entirely fails to show any duty to act. So far as appears, she was not aware of any danger nor was there anything to warn her that danger was imminent until the collision was unavoidable and it was impossible for her to do anything to prevent it. The negligence of the driver was not imputable to her, Olson v. Kennedy Trading Co. 199 Minn. 493, 272 N. W. 381, and the evidence fails to show any contributory negligence on her part. Thorstad v. Doyle, 199 Minn. 543, 273 N. W. 255; Wicker v. North States Const. Co. 183 Minn. 79, 235 N. W. 630.

Affirmed.