Argued December 5, reversed and remanded December 31, 1962

## McBEE *v.* KNIGHT
377 P. 2d 163

*William C. McCarthy,* Portland, argued the cause for appellant. On the briefs were McCarthy & McCarthy.

*James A. Redden, Jr.,* Medford, argued the cause for respondent. On the brief were Collins, Redden & Mullen, Medford.

Before McAllister, Chief Justice, and Rossman, O'Connell, Lusk and Denecke, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries sustained by plaintiff while riding in defendant's automobile. The jury returned a verdict for defendant and judgment was entered thereon. Plaintiff appeals from the judgment.

Plaintiff was riding with defendant from Klamath Falls to Portland on June 2, 1958 when the accident in question occurred. Plaintiff alleged that her injuries were the result of defendant's gross negligence. Plaintiff also contends that she was defendant's passenger rather than his guest and that, therefore, liability can be predicated on defendant's negligence even in the absence of gross negligence.[1]

---

[1] The guest statute at the time the case was filed was as follows:

"30.110 No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others."

■ Defendant's automobile collided with a State Highway Commission's truck approaching from the opposite direction. The defendant first observed the truck as he approached a curve in the highway. He applied his brakes and skidded into the oncoming truck. It is not necessary to set out in detail the manner in which the collision occurred. There was evidence from which the jury could reasonably find either that defendant was negligent or that the accident was unavoidable. The trial court properly withdrew the allegation of gross negligence from consideration by the jury. There was no evidence to support this allegation.

The trial court submitted to the jury the question of whether plaintiff was a guest or a passenger. Plaintiff contends that this was error on the ground that the evidence conclusively established that plaintiff was a passenger and that the jury should have been so instructed. We agree with this contention.

The evidence relating to plaintiff's status as guest or passenger was as follows. Plaintiff is an accountant. Defendant, a member of the Klamath tribe of Indians, had sought the aid of the United States District Attorney in Portland in connection with an alleged breach of a lease by defendant's lessee. Defendant felt that the matter was not being handled with sufficient dispatch. He employed plaintiff to assist him in pressing the United States Attorney's Office for more diligent action. Plaintiff made an effort through correspondence to assist defendant but this proved ineffectual. It was decided that defendant and plaintiff would go to Portland and discuss the matter personally with the United States Attorney or one of his staff. Defendant testified as follows:

"Q  On this particular trip you started on at the

time of this accident, were you going to the Attorney General's office at that time?

"A Yes.

"Q Was Miss McBee going to accompany you there?

"A Uh-huh.

"Q For the purpose of further conference with the United States attorney?

"A That's right."

At the time of the trip on June 2, 1958, plaintiff had personal affairs of her own which needed attention in Portland. She admitted that she would have attended to her sister's affairs if there was any time remaining after taking care of defendant's business. She testified that prior to the decision to make the trip on June 2, 1958 she had intended to go to Portland sometime after June 15, 1958 to handle her own affairs. In her deposition she stated:

"I mentioned that I was going to Portland sometime that month to talk to my attorney, and suggested to Mr. Knight that while I was up there I would see about his affairs, and he said 'Well, why don't you let me drive you up there and then I can go with you and find out about these things while I am with you', and that was the reason we decided to go on that particular—go up one day and come back the day after."

She further testified as follows:

"A I mentioned to him that if he wanted to wait until later in the month when I did go up, I would have done it for him then.

"Q Well, what I mean is, you were going up on business of your own. You were going to go up by bus.

"A That's right.

"Q  You were going to do that in the month of June. At that time, had that plan not 'been changed, you would have handled both your own affairs or your sister's affairs, whichever it was, with your attorneys, and you would have handled Mr. Knight's affairs?

"A  Yes.

"Q  Had you gone by bus.

"A  Yes, I would have had more time after the middle of the month that I could have done that.

"Q  And Mr. Knight, you anticipated, was going to pay you to do that?

"A  Yes.

"Q  And that is why you were doing it.

"A  Yes.

"Q  And so, in other words, you weren't going to go in and see the government attorney just because he offered to give you a ride up there, were you? That wasn't the reason you were going to see him.

"A  Well, no.

"Q  The ride was incidental to it?

"A  Yes, it was."

■ The foregoing evidence establishes without contradiction that defendant was benefited by plaintiff's participation in the trip on June 2, 1958. Even if it is conceded that plaintiff also had a personal purpose in going to Portland, this fact does not negative the clear evidence that she was also serving defendant's purposes in making the trip.② It is settled that a motor

---

② At the time this case was filed it was not necessary to prove that the expectation of benefit was the motivating factor in furnishing the transportation. See Johnson v. Kolovos, 224 Or 266, 355 P2d 1115 (1960). Later, the motivation test was adopted by statute. Oregon Laws 1961, ch 578 (ORS 30.115) provides in part as follows:

"(1) 'Payment' means a substantial benefit in a material

vehicle rider who confers a substantial benefit on the operator or owner of the vehicle is a passenger despite the fact that the rider's interests are also advanced by the trip.[5]

██ Since the uncontradicted evidence establishes that defendant was benefited in a substantial way by plaintiff's participation in the trip, the trial court should have granted plaintiff's motion to withdraw from the jury the question of her status as passenger or guest and to give her requested instruction that plaintiff was not a guest of the defendant.[6] The failure to grant the motion and to give the requested instruction constitutes reversible error. It is possible that the jury returned a verdict for the defendant on the ground that defendant was not negligent. However, it is also possible that the jury concluded that defendant was negligent but that plaintiff was a guest and was precluded from recovery because of the guest statute, ORS 30.110.

The judgment is reversed and the cause is remanded for a new trial.

---

or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity."

[5] Melcher v. Adams, 174 Or 75, 82, 146 P2d 354, 356 (1944); Smith v. Pacific Truck Express, 164 Or 318, 324, 100 P2d 474, 476 (1940).

[6] Where the uncontradicted evidence establishes that defendant is benefited in a substantial way the plaintiff is a passenger and not a guest as a matter of law. Dobbs v. Sugioka, 117 Colo 218, 185 P2d 784 (1947); Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb 24, 8 NW2d 451 (1943); Bailey v. Neale, 63 Ohio App 62, 25 NE2d 310 (1939).