Argued December 8, 1964, affirmed January 27, petition for
rehearing denied February 23, 1965

# McBEE *v.* KNIGHT

398 P. 2d 479

*William C. McCarthy,* Portland, argued the cause for appellant. With him on the briefs was Loyal H. McCarthy, Portland.

*James A. Redden,* Medford, argued the cause for respondent. On the brief were Collins, Redden & Mullen, Medford.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

GOODWIN, J.

This is an action for damages brought by an automobile passenger against the driver of the automobile in which she was riding. The plaintiff sustained injuries when the defendant's car collided with a State Highway Commission truck.

This is the second appeal in this litigation. In *McBee v. Knight,* 233 Or 160, 377 P2d 163 (1962), we held that at the time of the accident the plaintiff was not a guest as defined by ORS 30.110 (now 30.115). Upon the retrial of the case, the jury again returned a verdict for the defendant and judgment was entered thereon. In this appeal, the plaintiff assigns error to two of the instructions given in the second trial.

The accident happened on the highway between Klamath Falls and Ashland. The defendant was driving west toward Ashland, and the truck was heading east. The vehicles met at one of the numerous curves in the highway. Upon first observing the truck, both the plaintiff and the defendant thought that the truck was on or over the yellow line dividing the lanes of travel. Defendant applied his brakes. His car skidded

into the truck. There was evidence that the point of impact was approximately six feet inside the eastbound lane of traffic occupied by the truck.

There was conflicting testimony concerning the cause of the defendant's skidding. Plaintiff claimed that the skidding was caused by the defendant's lack of control, excessive speed, and faulty brakes. The defendant claimed that he applied his brakes with care and that the skidding was caused by mud on the pavement.

At one point in its instructions the court stated: "Evidence of skidding of an automobile is not necessarily evidence of negligence." This instruction is assigned as error.

■■ The quoted comment, while true as an abstract proposition, should not have been made. If it is appropriate to instruct upon skidding, any such instruction should contain a complete statement of the applicable law. If a given case of skidding is caused by some negligent act, it could be evidence of negligence. Standing alone, the statement was an incomplete and therefore incorrect instruction.

The plaintiff also contends that the court erred in giving an instruction on unavoidable accident. Although in *Fenton v. Aleshire,* 238 Or 24, 393 P2d 217 (1964), we concluded that an instruction on unavoidable accident should not be given in any case, the *Fenton* case had not been decided when the instant case was tried. In the *Fenton* case, we said that the giving of such an instruction will not, of itself, require reversal in every case.

■ The trial court should not have given either the instruction on skidding as given, or the instruction upon "unavoidable accident." However, in the context

in which the court committed these errors, we do not believe that either error, standing alone, constituted reversible error.

The plaintiff contends that the two errors, in the aggregate, denied her a fair trial. We do not agree. The sole question for the jury was to determine whether or not the defendant had been even slightly negligent. The instructions as a whole, and they were voluminous, made this abundantly clear to the jury. The instructions contained detailed instructions upon speed, lookout, control, driving on the right side of the road, and driving with defective brakes. The jury was told that if they found that the defendant was at fault in any one of the particulars mentioned, then he was negligent, and the plaintiff was entitled to recover.

■ The jury must have believed from the evidence that the defendant was not negligent. The jury had the right so to believe. We cannot see any purpose, other than to vindicate the plaintiff's position on the validity of her exceptions to the instructions, in sending this case back for another trial. The judgment is a proper one to be affirmed despite the errors noted. ORS 19.125 (2). In the context of the total charge to the jury, the errors did not affect the substantial rights of the parties.

Affirmed.

SLOAN, J., dissenting.

Chief Justice McALLISTER and I believe that the instructions examined by the majority were prejudicially erroneous and that the case should be reversed.