Argued September 24, affirmed October 12, 1960

# JOHNSON *v.* KOLOVOS
### 355 P. 2d 1115

*D. E. Hershiser,* Portland, argued the cause for appellant. On the brief were Hershiser, McMenamin, Blyth & Jones, Portland.

*James Walton,* Corvallis, argued the cause for respondent. On the brief were Ringo and Walton, Corvallis.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

HOWELL, J. (Pro Tempore)

This is an action for personal injuries incurred when the car in which plaintiff was riding, either as a passenger or a guest of defendant Kolovos, collided with one driven by the defendant Rife. Special interrogatories were submitted to the jury, resulting in a verdict in favor of the defendant Rife and against the defendant Kolovos. The jury, by its answer to the special interrogatories, found that plaintiff was being transported by the defendant Kolovos for payment; that the defendant Kolovos was guilty of ordinary but not gross negligence and that such negligence was the proximate cause of plaintiff's injuries. Defendant appeals.

The defendant presents five assignments of error. His first two, that the trial court erred in overruling his motions for involuntary nonsuit and directed verdict, will be considered together. His motions were upon the ground that the evidence did not show that plaintiff was a "paying passenger."

Plaintiff alleged two causes of action against the defendant. In the first he charged ordinary negligence; in the other he charged the defendant with gross negligence within the meaning of the guest statute. The jury found the defendant was not grossly negligent; hence, we are only concerned whether there was any substantial evidence that plaintiff was being transported as a passenger.

■ Both motions require a review of the evidence and in the light most favorable to plaintiff.

The plaintiff and defendant were of Greek ancestry and lived in Tacoma, Washington. They were retired and had been friends for several years. The defendant had been planning an extensive vacation trip to Oregon, California, Arizona, and Idaho and desired to have someone accompany him. The plaintiff did not drive. The plaintiff testified that before their departure he insisted upon an equal sharing of all the expenses of the trip, including gas, oil and parking, in addition to the expense of food and lodging. At first the defendant was reluctant to accept the offer but finally stated: "If that's the way you want it I accept."

The vacation trip ended in an accident near Corvallis, Oregon, and this action ensued.

ORS 30.110, generally known as "the guest statute," provides:

"No person transported by the owner or operator of a motor vehicle as his guest *without payment for such transportation* shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others." (Emphasis supplied.)

The tests to determine the distinction between passengers and guests are hopelessly in conflict. 10 ALR 2d 1351; 2 Harper and James, the Law of Torts 958, § 16.15.

■ The "guest statute" should be construed in the light of the legislative purpose and should not be extended beyond the correction of the evils and the attainment of the permissible social objects inducing its enactment. *Kudrna v. Adamski,* 188 Or 396, 216 P2d 262; 5A Am Jur 552, Automobiles and Highway Traffic § 514; 2 Harper and James, The Law of Torts 961, § 16.15.

In *Melcher v. Adams,* 174 Or 75, 146 P2d 354, a guest was defined as one transported gratuitously, and a passenger, as one who pays for his transportation.

■ Payment does not necessarily mean a money compensation and is not to be considered in its restricted legal sense as the discharge in money of a sum due or the performance of a pecuniary obligation. *Albrecht v. Safeway Stores,* 159 Or 331, 80 P2d 62.

In the Albrecht case, concerning the question of payment, the court applied the test of substantial benefit, i.e., was some substantial benefit conferred upon the owner or operator of the vehicle as compensation for the transportation? If there was, the person transported is not a guest.

*Melcher v. Adams,* supra, enlarged the rule of substantial benefit as the test to add that the benefit conferred must not only be substantial but in a material or business sense and that the transportation must be motivated by the expectation of such benefit.

The additional requirement of "motivation" was adopted from the Washington cases of *Fuller v. Tucker,* 4 Wash2d 426, 103 P2d 1086; and *Syverson v. Berg,* 194 Wash 86, 77 P2d 382, and was reiterated

in Oregon in *Luebke v. Hawthorne et al.,* 183 Or 362, 192 P2d 990; and *Rosa v. Briggs and Lafferty,* 200 Or 450, 266 P2d 427.

The necessity that the expectation of benefit be the motivating factor in the furnishing of the transportation has caused much confusion, not only in Washington but in California, where the rule also exists. Recognizing that motivation becomes a matter of degree, as people may act from mixed motives, Washington has qualified the requirement of motivation to the extent that it need not be shown that the expectation of benefit be the *sole* motivating factor, but it is sufficient if such expectation is a *substantial* factor. *McUne v. Fuqua,* 42 Wash2d 65, 253 P2d 632; *Hayes v. Brower,* 39 Wash2d 372, 385, 235 P2d 482, 25 ALR2d 1431. See also 24 Wash L Rev 101 for an analysis of the motivation rule in Washington.

California also formerly followed the rule that the benefit must be *the* motivating factor for the furnishing of the transportation. *McCann v. Hoffman,* 9 Cal 2d 279, 70 P2d 909. In later California cases the benefit is required to be only *a* motivating factor. *Whitmore v. French,* 37 Cal2d 744, 235 P2d 3; *Thompson v. Lacey,* 42 Cal2d 443, 447, 267 P2d 1; *Martinez v. Southern Pacific Co.,* 45 Cal2d 244, 250, 288 P2d 868; *Harris v. Harfmann,* 113 Cal App2d 615, 616-617, 248 P2d 501; *Brandis v. Goldanski,* 117 Cal App2d 42, 48, 255 P2d 36; *Kroiss v. Butler,* 129 Cal App2d 550, 555-556, 277 P2d 873; *Ray v. Hanisch,* 147 Cal App2d 742, 748, 306 P2d 30; *Clapp v. Hester,* 169 Cal App2d 558, 337 P2d 525.

In *Brandis v. Goldanski,* supra, the benefit was required to be "*at least a* motivating influence." (Emphasis supplied.)

The scope of the motivation rule in California is

now obscure, and lower courts are in a state of disagreement as to the exact wording to be used. 43 Cal L Rev 853 (1955).

■ The conflict that exists as to whether the benefit must be "the," "a," "at least a," or "a substantial factor" of the motivation illustrates the confusion. In addition, as motivation is a state of mind and people may act from mixed motives, the question of such motivation must necessarily depend to a great extent upon the testimony of the driver or owner. We conclude that the motivation test is confusing and too difficult to apply; therefore, we expressly overrule it.

■■ We believe that the better rule is that announced in 2 Harper and James, The Law of Torts 961-962, § 16.15. In the instant case, as the plaintiff's evidence showed an agreement to share the expenses of the trip, the plaintiff was not a guest, as his status was that of one who rides "pursuant to any prearrangement for sharing the burdens of the journey, so long as the occupants' undertaking is not so vague or so trivial as to indicate that there was no real sharing worthy of the name." 2 Harper and James, supra.

■ Plaintiff's contribution to the expenses of the journey in this case would have been more than "vague or trivial" as the trip was to have been of extended duration. If one rides with no previous understanding concerning the sharing of the expenses, the gratuitous offer of a return favor such as paying for a meal or buying some gas will not change the occupant's status from guest to passenger. *Potter v. Juarez,* 189 Wash 476, 66 P2d 290; *Rosa v. Briggs and Lafferty,* supra. On the other hand, the amount or kind of contribution is not important if the parties contracted on that basis. In *Parrish v. Ash,* 32 Wash2d 637, 203 P2d 330, the offer and acceptance of ten cents was

held to be sufficient to make the occupant's status a question of fact for the jury as to:

> "* * * whether an amount paid, an article of property furnished, or a thing done was intended by the parties concerned as compensation for the transportation of a person by automobile, or whether on the contrary the consideration or benefit was proffered and accepted merely as a gratuity or expression of appreciation for a favor extended."

█ It is not necessary that the prearrangement be a legal contractual obligation, one where the driver or owner could recover for the agreed or reasonable value of the transportation in an action at law. *Albrecht v. Safeway Stores, Inc.,* supra.

█ Any bona fide prearrangement for sharing expense will take the occupant out of the guest category. 2 Harper and James 960, § 16.15. See also *Huebotter v. Follett,* 27 Cal2d 765, 167 P2d 193 (ride sharing agreement); *Dirksmeyer v. Barnes,* 2 Ill App2d 496, 119 NE2d 813 (payment for transportation to work); *Teders v. Rothermel,* 205 Minn 470, 286 NW 353 (four persons on social trip divided expense); *Smith v. Clute,* 277 NY 407, 14 NE2d 455 (vacation trip with expenses divided); *Miller v. Fairley,* 141 Ohio St 327, 48 NE2d 217 (agreement to pay 20¢ per day for riding); *Kerstetter v. Elfman,* 327 Pa 17, 192 A 663 (sharing expenses of fishing trip); *Coerver v. Haab,* 23 Wash2d 481, 161 P2d 194 (share the ride arrangement).

The trial court did not err in denying the motions for nonsuit and directed verdict.

█ As the defendant's third assignment he contends the court erred in failing to give the following instruction:

> "I instruct you in considering whether or not

Plaintiff was a mere guest in the Defendant Kolovos' vehicle, or that is being transported without payment, that mere companionship or the pleasure to be derived from his company is not sufficient 'payment' to change the Plaintiff's status to a paying passenger."

It was not reversible error to refuse to give the requested instruction. Under the instructions that the trial court gave it was quite clear that payment or a benefit to the defendant was necessary or they could not find for plaintiff on his first cause of action. There is no merit in this assignment.

For his fourth assignment the defendant contends the court should have given the following requested instruction:

"I instruct you that the mere fact that the Defendant Kolovos received money or a monetary benefit as a result of carrying the Plaintiff does not necessarily entitle the Plaintiff to the status of a paying passenger, because in order to constitute payment, the money or monetary benefit must be received as compensation or payment for the transportation and the transportation must be induced by the expectation of such monetary benefit."

The instruction is directed to the question of motivation.

■ There is no merit in this assignment for the reason heretofore mentioned in our decision upon the motions for nonsuit and directed verdict.

■ The defendant's fifth and last assignment of error is based upon the failure of the trial court to grant a mistrial because the plaintiff engaged in a brief conversation with one of the jurors during a recess. The trial judge interrogated the plaintiff, and it was determined that the conversation was in no man-

ner connected with the issues of the case. While such conduct is highly improper, the granting of a mistrial is within the sound discretion of the trial judge. He is in a better position to understand the circumstances surrounding the conversation, the nature of it, the physical conditions in the courthouse, and the effect of the conversation upon the case. See *State v. Roden,* 216 Or 369, 339 P2d 438, and the cases cited therein. The judgment of the trial court is affirmed.