Argued October 6, affirmed November 9, 1960

# SKOW *v.* SHULPS
### 356 P. 2d 521

*Robert H. Hollister*, Portland, argued the cause for appellant. On the briefs were Hollister & Thomas, Portland.

*Jack L. Kennedy*, Portland, argued the cause for respondent. On the brief were Evans & Kennedy, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, GOODWIN, KING and HOWELL, Justices.

KING, J. (Pro Tempore)

This is an action to recover damages for personal injuries sustained by the plaintiff while a passenger in defendant's automobile. Plaintiff claims as a paid passenger and alleges only simple negligence.

Ruth E. Skow, the plaintiff, and Darlene Shulps, the defendant, were girl friends of several years' standing. They decided to take an automobile trip together from Portland to San Francisco and return and in furtherance of this plan arranged for their vacations to come at the same time.

The trip was to be strictly a pleasure trip, with no business purpose involved. They had discussed and planned the trip for some months, deciding to go in defendant's car and share the driving duties.

It was also the testimony of both the plaintiff and the defendant, and stipulated to the court, that they had made a definite agreement to share equally the costs of gasoline and oil to be used on the trip. To keep accurate account of the gas and oil, they agreed that the defendant should get an oil company credit card, charge all gas and oil by that card and divide the total charges on their return. Defendant did secure the credit card as agreed.

On August 23, 1957, the parties started on their trip from Portland, Oregon, driving south over highway 99. The defendant was doing the driving.

As they arrived at a point near Myrtle Creek, Oregon, the highway narrowed from a four-lane highway to two lanes. The highway at that point and for a considerable distance each way was straight, smooth and

level, and there was no traffic impeding or interfering in any way. The weather was clear.

The defendant was driving at 60 or 65 miles per hour. On observing the signs indicating a two-lane highway, she let up on the accelerator and slowed down to 55 or 60 miles an hour.

The car suddenly veered to the left, struck the jiggle bars between the two lanes of traffic, went out of control, proceeded about 240 feet diagonally across the highway to the left and continued more than 140 feet into a drainage ditch, after turning over several times.

The plaintiff was unconscious for some time, was severely injured, and has a memory loss of all events leading up to the accident, of the accident itself, and for a period of about two weeks after the accident.

It was stipulated that the case be tried before the court without a jury. It was also stipulated that in the event the court found for the plaintiff, damages in the amount of $10,000 should be awarded the plaintiff without the necessity of calling medical or any testimony regarding injuries or damages.

The principal question to be determined in this case is whether the plaintiff was a paid passenger or whether she was a guest in defendant's car. If she was a guest, she could not recover under the allegations of simple negligence. If she was a paid passenger, the questions of negligence, proximate cause and contributory negligence should be considered.

■■ Since this case was argued in this court, the case of *Johnson v. Kolovos,* 224 Or 266, 355 P2d 1115, directly determined this question. In that case Mr. Justice HOWELL, after a careful review of previous decisions, says:

"We believe that the better rule is that announced in 2 Harper and James, The Law of Torts

961-962, § 16.15. In the instant case, as the plaintiff's evidence showed an agreement to share the expenses of the trip, the plaintiff was not a guest, as his status was that of one who rides 'pursuant to any prearrangement for sharing the burdens of the journey, so long as the occupants' undertaking is not so vague or so trivial as to indicate that there was no real sharing worthy of the name.' 2 Harper and James, supra.

"Plaintiff's contribution to the expenses of the journey in this case would have been more than 'vague or trivial' as the trip was to have been of extended duration. * * *

"It is not necessary that the prearrangement be a legal contractual obligation, one where the driver or owner could recover for the agreed or reasonable value of the transportation in an action at law. * * *

"Any bona fide prearrangement for sharing expense will take the occupant out of the guest category. 2 Harper and James 960, § 16.15. See also *Huebotter v. Follett*, 27 Cal2d 765, 167 P2d 193 (ride sharing agreement); *Dirksmeyer v. Barnes*, 2 Ill App2d 496, 119 NE2d 813 (payment for transportation to work); *Teders v. Rothermel*, 205 Minn 470, 286 NW 353 (four persons on social trip divided expense); *Smith v. Clute*, 277 NY 407, 14 NE2d 455 (vacation trip with expenses divided); *Miller v. Fairley*, 141 Ohio St 327, 48 NE2d 217 (agreement to pay 20¢ per day for riding); *Kerstetter v. Elfman*, 327 Pa 17, 192 A 663 (sharing expenses of fishing trip); *Coerver v. Haab*, 23 Wash2d 481, 161 P2d 194 (share the ride arrangement)."

■ The case at bar fits directly into the rule approved in *Johnson v. Kolovos*, supra, and we hold that the trial court did not err in finding the plaintiff, Ruth Skow, a paid passenger in the car owned and driven by the defendant and that proof of simple negligence was all that was necessary for that phase of the case.

It would still be necessary, of course, for the plaintiff to prove some act of negligence as alleged in the complaint, and that such negligence was the proximate cause of the injuries and to determine whether defendant had proved any contributory negligence as alleged in her affirmative answer.

The trial judge, by stipulation, was serving as a trier of the facts, and his findings would be equivalent to a jury's findings by its verdict and subject to the same rules of proof. This court would not determine the weight or preponderance of the evidence, but merely whether there was sufficient evidence to go to the jury or the trial court on each issue. *Haviland v. Johnson,* 70 Or 83, 84, 139 P 720; *Gilbert v. Sharkey,* 80 Or 323, 327, 156 P 789, 157 P 146; *Morris v. Leach,* 82 Or 509, 162 P 253; *State v. Cummings,* 205 Or 500, 288 P2d 1036, 289 P2d 1083.

The defendant, describing the accident on direct examination, said:

> "We were proceeding down the highway, and when I noticed the sign that said the road was narrowing to two lanes, I was preparing to just go along with the traffic. I glanced quickly over my shoulder to see if I would be cutting anyone off or anything if they were trying to get into the proper lane of traffic. I didn't notice any apparent danger and I proceeded ahead, and suddenly Ruth hollered my name. I don't know exactly what I did. I was startled and I probably jumped and glanced at her to see what might be bothering her; then I must have pulled the wheel and the first thing I knew we were headed off in the opposite direction and the car rolled down the bank."

The defendant stipulated and the testimony showed that the car was "out of control," which was one of the allegations of negligence in the complaint.

We believe there was sufficient evidence in the above statement alone, without considering the other evidence, to sustain the court's finding of negligence and proximate cause.

The defendant said she glanced quickly over her left shoulder while going approximately 60 miles per hour. That was immediately before the final chain of events, but it certainly could and should be considered by the court as evidence of negligence, and could have been the start of proximate cause of the accident. She then heard her name called or "hollered" and probably jumped and glanced at plaintiff. Again there was evidence to be considered in determining whether the jumping and glancing to her right was negligence and whether it promixately caused the car to go out of control. The defendant herself says she must have pulled the wheel, a statement to be considered in determining negligence and proximate cause.

■ The lookout, speed, and all the conditions then and there existing, as shown by the evidence, could be considered in deciding the proximate cause of the car going out of control and the proximate cause of the accident. *Nicholas v. Fennell,* 184 Or 541, 199 P2d 905.

■ Likewise, the question of alleged contributory negligence was a question of fact for the jury or, in this case, the judge. The only evidence submitted was the calling or "hollering" of the defendant's name. Just how loud her name was called is not entirely clear. On cross-examination the defendant said in describing the call:

"Well, she said it in a startled tone of voice and louder than she normally speaks."

In the defendant's statement to the investigating officer at the scene of the accident in describing how

her name was called, she used the words: "in a loud voice."

The above quotations are not for the purpose of showing inconsistencies in the defendant's statements, but merely to point out what evidence the trial court had before it on the question of contributory negligence.

This court cannot say as a matter of law that the mere calling or "hollering" of the defendant's name was contributory negligence, and neither can we say that the trial court erred in its finding that contributory negligence was not sufficiently proved. It seems entirely reasonable that the call might have resulted from the defendant's glance or look over her left shoulder for other cars. The trial court was in the best position to judge the facts as presented by the witnesses. There was sufficient evidence to raise a question of fact and to sustain the findings and judgment.

Affirmed.