Argued December 5, 1963, reversed and remanded January 22, 1964

TARBET *v.* GREEN

388 P. 2d 468

*Asa L. Lewelling,* Salem, argued the cause for appellant. On the briefs were Lewelling & Gies.

*James W. Walton,* Corvallis, argued the cause for respondent. On the brief were Ringo and Walton.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

O'CONNELL, J.

This is an action for damages for personal injuries sustained by plaintiff when she alighted from defendant's automobile. Defendant appeals from a judgment for plaintiff entered on a jury's verdict. The sole issue on appeal is whether plaintiff was a guest within ORS 30.110, or a paying passenger.[1] There was no evidence of gross negligence.

The facts are as follows. Defendant, age 22, was unmarried and lived in Corvallis where she was employed. Her mother, the plaintiff, lived in Albany. On the evening before the accident defendant called plaintiff and asked her to come to Corvallis and help defendant look for an apartment. The plaintiff agreed

---

[1] The cause of action arose prior to the amendment of the guest statute in 1961. ORS 30.115.

and on the following day she drove her car to Corvallis where she joined her daughter. They then proceeded in defendant's car, the defendant driving. After spending a short time shopping they began their search for a suitable apartment. The day wore on and plaintiff announced that she would have to go back to Albany to prepare dinner for her husband. It was decided that defendant would drive plaintiff home and that after preparing the meal they would return and resume their search for an apartment. At defendant's request, plaintiff purchased gasoline for defendant's car. Upon their return to Corvallis they looked for apartments for awhile, shopped for groceries, and finally returned to their starting point. Defendant parked at the curb leaving the motor running and she and plaintiff conversed for ten or fifteen minutes. As plaintiff started to alight from the car defendant's foot slipped off the clutch, the car lurched forward and plaintiff was thrown to the pavement causing the injuries for which she brought this action.

Plaintiff contends that she was a paying passenger and not a "guest without payment" within ORS 30.110. The contention rests upon the theory that defendant received a benefit in the form of her mother's advice and assistance in attempting to find suitable living quarters. Plaintiff states the rule to be that "One who accepts a ride for the sole purpose of performing a service for the driver of a vehicle is not a guest but a passenger."[2] The rule is stated too broadly. There

---

[2] In support of the statement plaintiff cites Sheehan v. Apling, 227 Or 594, 363 P2d 575 (1961); Kruzie v. Sanders, 23 Cal2d 237, 143 P2d 704 (1943); Mitchell v. Heaton, 231 Iowa 269, 1 NW2d 284, 138 ALR 832 (1941); Goldberg v. Cook, 206 Minn 450, 289 NW 512 (1940); Zaso v. De Cola, 72 Ohio App 297, 51 NE2d 654 (1943); O'Hagan v. Byron, 153 Pa Super 372, 33 A2d 779 (1943).

must not only be a benefit but the benefit must be more than "vague or trivial"[9] and it must be one that has some significance beyond the usual social amenities which are expected in the relationship between the plaintiff and the defendant. Certainly the requirement of a benefit to the defendant would not have been fulfilled if plaintiff had ridden with her daughter for the purpose of providing her with companionship, or to console her in time of trouble, or to help her select a new dress, or any one of many different activities normally engaged in by mother and daughter as an ordinary part of family intercourse. The benefit in the present case is of the same nature.

■ Nor did the purchase of gasoline by plaintiff for defendant at the latter's request constitute "payment" within the meaning of the statute. This is not like *Johnson v. Kolovos,* 224 Or 266, 355 P2d 1115 (1960) where the parties entered into an agreement to share the expenses of the journey. There we recognized that "Any bona fide prearrangement for sharing expense will take the occupant out of the guest category." There was no such prearrangement in the present case. Moreover, there was no evidence indicating that the purchase of the gasoline was in payment for the transportation. As we said in *Johnson v. Kolovos,* supra, "If one rides with no previous understanding concerning the sharing of the expenses, the gratuitous offer of a return favor such as paying for a meal or buying some gas will not change the occupant's status from guest to passenger." In the present case it is apparent that the gasoline was purchased merely as a part of the social amenities normally incident to the relationship of mother and daughter.

---

[9] Johnson v. Kolovos, 224 Or 266, 355 P2d 1115 (1960).

The situation in the case at bar is the converse of that in the recent case of *Spring v. Liles,* 236 Or 140, 387 P2d 578. There we held that the plaintiff was a passenger rather than a guest because he rode not as a recipient of the defendant's hospitality but as a co-employee directed to ride in the defendant's car as an incident of their common employment. The instant case presents the other side of the coin. Here plaintiff is present in furtherance of a social obligation arising out of the mother-daughter relationship. The benefit is characterized by this social relationship.[4] The guest statute was designed to preclude recovery in this class of cases. We hold that plaintiff was a guest as a matter of law.[5]

Plaintiff further contends that if she was a guest there was a jury question as to whether that status terminated after defendant's car had stopped and the transportation of plaintiff had terminated. We are of the opinion that plaintiff's status as a guest continued while she was in the act of alighting from the car. The jury could not reasonably find otherwise.

The judgment of the lower court is reversed and the cause is remanded with directions to enter judgment for defendant.

---

[4] See cases cited in Spring v. Liles, 236 Or 140, 146, note 6, holding that even though the defendant is benefited the plaintiff is a guest where the relationship is primarily social in nature.

[5] In similar fact situations it has been held that a family member was a passenger. Martinez v. Southern Pacific Co., 45 Cal2d 244, 288 P2d 868 (1955); Goldberg v. Cook, 206 Minn 450, 289 NW 512 (1940); Henline v. Wilson, 111 Ohio App 515, 174 NE2d 122 (1960).