Argued January 6, reversed and remanded March 11, 1964

# SINCLAIR *v.* BARKER

390 P. 2d 321

*Sidney E. Thwing,* Eugene, argued the cause and submitted briefs for appellant.

*John L. Luvaas,* Eugene, argued the cause for respondent. On the brief were Luvaas, Cobb & Richards, Eugene.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is an action for damages for personal injuries suffered by plaintiff while riding in an automobile driven by defendant. Defendant's motion for a di-

rected verdict was denied. Judgment was entered upon a verdict in favor of plaintiff. A motion for a judgment n.o.v., or in the alternative a new trial, was denied. Defendant appeals.

Plaintiff was employed by Star Lumber Company, a partnership of which defendant was a partner. He did various jobs for another partnership of which defendant was also a partner. The latter partnership owned a farm at Monroe, Oregon at which plaintiff had done some work at defendant's request. Plaintiff and defendant had been friends for about 33 years.

On the morning of the accident defendant set out in his pickup truck for the farm to obtain feed for the horses he kept in Eugene. Plaintiff's residence was on the way and defendant decided to stop and say hello. Plaintiff and defendant discussed various matters and then left in defendant's pickup and drove to the Monroe farm. They loaded feed for defendant's horses and then, at defendant's suggestion, they went to a rock pit to select the kind of rock needed around the barn at the farm. They then looked for wild ducks in the vicinity, gathered some mistletoe, had a drink of whiskey, and then proceeded toward Monroe. When they got near plaintiff's residence defendant asked plaintiff to go on into Eugene with him. According to plaintiff the request was accompanied by defendant's statement, "We will do some more talking." This reference, according to plaintiff, was to various business matters relating to the Star Lumber Company's operations and to several projects on the farm. They stopped at defendant's residence in Eugene where they further discussed work projects involving plaintiff's services. They fed the defendant's horses, had another drink of liquor, and then went to the home of a friend of defendant's to arrange for the purchase of an elec-

tric can opener at wholesale for plaintiff. They had another drink of liquor and eventually started out for plaintiff's residence. The accident occurred on the way.

It is alleged that plaintiff was a passenger and that defendant negligently drove on the wrong side of the highway into another vehicle approaching from the opposite direction. There is no contention that defendant was grossly negligent.

The principal question is whether there was sufficient evidence from which the jury could find that plaintiff's presence in the vehicle conferred a substantial benefit upon the defendant in a business or material sense and that it was a motivating factor for the transportation, thus excluding the operation of ORS 30.115.[1]

In *Johnson v. Kolovos*, 224 Or 266, 272, 355 P2d 1115 (1960) we concluded that "the motivation test is confusing and too difficult to apply," for which reason we rejected that test. However, thereafter ORS 30.110 was amended (becoming 30.115) by incorporating the motivation test into our guest statute. Therefore, although the test is "confusing" and "difficult to apply," it is now necessary to apply it as best we can.

In the Johnson case we referred to the test expressed in terms of "the motivating factor" as dis-

[1] The applicable part of ORS 30.115 is as follows:

"No person transported by the owner or operator of a motor vehicle, * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident * * *. As used in this section:

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity."

tinguished from "a motivating factor," a distinction dealt with particularly in the Washington and California cases. Since it is reasonable to assume that *Johnson v. Kolovos,* supra was the cause for the 1961 change in the guest statute, it is also reasonable to assume that the statement of the test in terms of "a motivating factor" was a conscious choice of two alternative ways of expressing the test.[2]

We inquire, then, whether there was sufficient evidence to support a conclusion that the transportation in the present case was motivated in part at least by defendant's expectation of a substantial benefit in a material or business sense.

■ Before examining the evidence on this point it is necessary to consider the meaning which is to be attached to the term "motivation" as used in the statute. Certainly defendant's motivation will not be regarded as so subjective that his testimony disclaiming any expectation of benefit as described in the statute would foreclose the matter. His motivation may be derived from his conduct, verbal and otherwise, in the arrangements for transporting the plaintiff and in the course of carrying out such arrangements.

■■ In the present case there was evidence that on several previous occasions defendant had picked up plaintiff at the latter's home for the purpose of making a trip for business purposes. Whether this was the purpose of the trip in question is not entirely clear. The gist of defendant's testimony is that he asked plaintiff to go along for a social ride. There is evidence to the contrary, however. Plaintiff testified that when they were at plaintiff's residence prior to start-

---

[2] The difficulties of the "motivating factor" test are discussed in Richards, Another Decade Under the Guest Statute, 24 Wash L Rev 101, 103 (1949).

ing out on their journey defendant said, "Come ride with me. * * * We will do a little looking." This of course was an ambiguous invitation, subject to the interpretation that they would look for or at things such as mistletoe, wild ducks, and electric can openers (all of which they did) having no business connotation, or that they would look for or at defendant's rock project, the project for remodeling the house and garage, and other business matters (all of which they also did). The jury could have decided that one of defendant's purposes in asking plaintiff to accompany him was for the aforementioned business purposes. Since the expectation of a business benefit need not be the *sole motivating* factor but only *a* motivating factor (if substantial) under the statute, the fact that the business purpose was combined with a social purpose would not preclude plaintiff from being classified as a paying passenger. We hold that there was sufficient evidence from which the jury could decide that plaintiff was a paying passenger. The trial court did not err in denying defendant's motion for a directed verdict.

Defendant also contends that plaintiff's complaint does not state a cause of action. The attack was first made after plaintiff had called defendant as his first witness. Defendant objected to the introduction of any further evidence on the ground that the complaint failed to state facts sufficient to constitute a cause of action.

■■ We have held that plaintiff has the burden of proving that he comes within one of the exceptions specified in our guest statute.[9] Having that burden, he must allege in his complaint facts sufficient to bring

---

[9] Smith v. Laflar, 137 Or 230, 2 P2d 18 (1931).

him within one of the exceptions.[4] In the present case plaintiff does not allege that defendant was grossly negligent or intoxicated, or that he was involuntarily riding with defendant. The complaint is based upon the theory of ordinary negligence. Consequently, plaintiff must allege and prove that he was a paying occupant.

■ The complaint alleges that plaintiff was a "passenger" and that defendant was negligent in certain particulars. The allegation that plaintiff was a passenger is only an allegation that plaintiff was an occupant in defendant's vehicle, and does not explain whether plaintiff was a paying occupant or an occupant without payment.[5]

■■ When a complaint is tested by a demurrer it is construed most strongly against the pleader.[6] Assuming, without deciding, that the ambiguity in the complaint before us is, for that reason, subject to attack by demurrer[7] rather than by a motion to make more definite and certain, the rule is not applicable because the adequacy of the complaint was not questioned until plaintiff had proceeded to the point of

---

[4] We recognize that there is a conflict of authority as to whether plaintiff or defendant has the burden of alleging and proving plaintiff's status as a paying passenger or guest. Colorado appears to be the only state clearly holding that defendant bears this burden. See Houghtaling v. Davis, 140 Colo 327, 344 P2d 176 (1959); Dobbs v. Sugioka, 117 Colo 218, 185 P2d 784 (1947). For comments on the two views see Leach, Burden of Pleading— Guest Statute and Last Clear Chance, 23 Ohio St L J 423 (1962) (favoring the imposition of the burden on the plaintiff); 21 U Cinn L Rev 66 (1952) (favoring the imposition of the burden on the defendant).

[5] Rabago v. Meraz, 31 Cal Rptr 777, 383 P2d 129 (1963). Compare Skow v. Skulps, 224 Or 548, 356 P2d 521 (1960) (paid passenger) with Welker, Adm. v. Sorenson, 209 Or 402, 306 P2d 737 (1957) (guest passenger).

[6] Christopher v. McGuire, 179 Or 116, 169 P2d 879 (1946).

[7] Ibid.

introducing evidence. Pleadings are not strictly construed against the pleader where the objection is delayed until after the introduction of evidence.[9]

■ In the present case if the word "passenger" employed in the complaint is construed to mean "paying passenger" the complaint describes a status which gives rise to a duty owing by defendant to plaintiff. The trial court properly overruled defendant's objection.

A third assignment of error is based upon the trial court's refusal to sustain objections to leading questions put to defendant when called as an adverse witness by plaintiff. ORS 45.560 provides in part:

"* * * On direct examination, leading questions are not allowed, unless merely formal or preliminary, except in the sound discretion of the court, under special circumstances making it appear that the interests of justice require it."

ORS 45.570 provides:

"The adverse party may cross-examine the witness as to any matter stated in his direct examination, or connected therewith, and in so doing may put leading questions; but if he examines him as to other matters, the examination is subject to the same rules as a direct examination."

■ The trial court took the position that when an adverse party is called as a witness he may be examined by leading questions as in cross-examination. The privilege is not quite that broad. Leading questions may be allowed upon the direct examination of an adverse party if he appears to be hostile to the examiner. Usually he is; sometimes he is not. Frequently in cases involving an action by a guest against

---

[9] Cooper v. Hillsboro Graden Tract, 78 Or 74, 152 P 488 (1915).

his host, if not actually hostile, he is often less than enthusiastic in the defense of the case. Our statutes are to be construed to mean that leading questions may be put to recalcitrant or biased witnesses whether on direct or cross-examination. The hostility of the witness is one of the "special circumstances" which, in the "interests of justice," may warrant the use of leading questions within the meaning of ORS 45.560. Whether such witness is hostile and the extent to which leading questions may be put to him are within the sound discretion of the trial court.⊚

■ Defendant points out that the trial judge proceeded upon the assumption that leading questions may be put to an adverse party as a matter of course, and that he failed to exercise his discretion in the matter. This appears to have been the trial judge's position. However, we are of the opinion that reversible error did not result from the testimony elicited as a result of the leading questions asked of defendant.

Finally, defendant assigns as error the trial court's refusal to give a requested instruction on plaintiff's burden of proving his status as a paying passenger. The requested instruction was as follows:

"Ladies and gentlemen of the jury, I instruct you that the statutory law of Oregon provides as follows:

" 'No person transported by the owner or operator of a motor vehicle, . . . or other means of conveyance, as his guest without payment for such transportation shall have a cause

---

⊚ ORS 45.560. McCormick on Evidence (1954) at p. 10: "* * * But the entire matter of the allowability of leading questions is discretionary, and the judge's action will nowadays not be reviewed unless it is charged that it amounted to, or contributed to, the denial of a fair trial." See also 3 Wigmore, Evidence § 770 (3d ed 1940)..

of action for damages against the owner or operator for injury, death, or loss in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section: (1) "Payment" means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation and it does not include a mere gratuity or social amenity.' O.R.S. 30.115.

"You are further instructed that in this case, before the plaintiff can recover, he must prove by a preponderance of the evidence that he made 'payment' for the transportation provided by the defendant within the meaning of the statute to which I have just referred. In other words, if the plaintiff fails to prove by a preponderance of the evidence that he paid the defendant for the transportation by conferring a substantial benefit in a material or business sense upon him and which was a substantial motivating factor for the transportation, the plaintiff would not be entitled to recover and you would then be required to return a verdict for the defendant.

"In determining whether 'payment,' within the meaning of the statute, was made to the defendant by the plaintiff, you are instructed that such 'payment' does not include a mere gratuity or social amenity."

The requested instruction correctly states the law as to plaintiff's burden of proving his status as a paying passenger.[10] Defendant was entitled to have the jury informed with respect to this burden of proof imposed upon plaintiff and unless the other instruc-

---

[10] Plaintiff asserts that the requested instruction was not included in the original transcript. However, the trial court file shows that it was made a part of the transcript by order of the circuit court.

tions adequately cover the matter there is reversible error.

In instructing the jury the trial judge explained that he would use the word "passenger" to mean a paying passenger as distinguished from a guest passenger. He then proceeded to instruct the jury as follows:

"* * * Now one of the things you have to decide in this case is the plaintiff's status in the automobile in this respect, whether I have indicated I have used the terms he was a passenger or a guest. Now, insofar as is applicable to this case, the law of this state provides no person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner or operator for injury in case of accident unless, and then there are some exceptions that are not applicable here. The law goes on to read as follows: 'Payment means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation and it does not mean a social gratuity or amenity.' In other words, as we are concerned in this case, as you are concerned, one who rides in a car is either a passenger or a guest in the sense that I have used those words and as applied to this case if the rider is a guest he cannot recover, even though negligence and proximate cause might have been shown. On the other hand, if he is a passenger in the sense that I have indicated, then he may recover, assuming he has otherwise shown defendant's liability, as I have explained that term to you. * * *

"* * * Whether or not this plaintiff was a passenger or a guest, as I have defined and explained those terms to you, is a question of fact for you to determine."

This instruction does not state whether plaintiff or defendant has the burden of proof on the issue of plaintiff's status while riding with defendant. At an earlier point the court had instructed the jury as follows:

"The law provides that the affirmative of the issue shall be proved, and this means the party having the affirmative of the issue has the burden of proof and as applied to this case then that law means where plaintiff claims that the collision here involved was caused by the negligence of the defendant, the plaintiff has the burden of proof of these charges that he has made, and any other affirmative allegation that he has made that has not been stipulated here. On the other hand, the defendant does not have any burden to prove or disprove anything. * * *"

This informed the jury that plaintiff had the burden of proving, in addition to causation and negligence, "any other affirmative allegation that he has made." The complaint contains an allegation that plaintiff was a "passenger." The court's definition of "passenger" as meaning a paying passenger, together with the court's explanation that it was essential to establish plaintiff's status as a paying passenger, might have conveyed to the jury the idea that the allegation that plaintiff was a passenger was an "affirmative allegation" which plaintiff had the burden of proving. But we think that this would attribute to the jury in this case a perspicacity and an understanding of legal terminology which juries do not usually have.

In the instant case the difficulty of relating the general instruction on burden of proof with the instruction on the guest-paying passenger distinction

is accentuated by the fact that between the two instructions there were instructions relating to other matters covering more than seven pages of transcript. In the intervening instructions the court very specifically informed the jury as to plaintiff's burden of proof on the specifications of negligence and on causation. The specific attention given to these aspects of plaintiff's burden and the failure to mention the burden of proving plaintiff's status might well have been interpreted by the jury to mean that plaintiff's status was not one of the issues which he was required to prove. Plaintiff's status was the paramount issue in the case and the evidence supporting plaintiff's contention was not strong.

Under these circumstances defendant was entitled to the requested instruction and the trial court's failure to give it constitutes reversible error.

█ Plaintiff argues that the action of the trial court in passing upon defendant's motion for a directed verdict is not reviewable on appeal because it does not appear that the record contains all of the evidence upon which the court was requested to pass. Under ORS 19.074 (3) plaintiff had the privilege of designating any part of the proceedings which he deemed essential to the determination of the question upon appeal. Not having made such a designation, plaintiff cannot complain if it is not included in the record upon appeal, if the record is otherwise adequate for the purpose of passing upon the error assigned upon appeal.

The judgment is reversed and the cause is remanded for a new trial.