Argued February 4, affirmed March 25, 1964

GILMORE *v.* SCHIEWE

390 P. 2d 624

*James O. Goodwin,* Oregon City, argued the cause for appellant. On the brief were Jack, Goodwin & Anicker, Oregon City.

*Thomas Cavanaugh,* Portland, argued the cause for respondent. With him on the brief were Vergeer & Samuels, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries suffered by plaintiff while riding in defendant's automobile. The jury returned a verdict for plaintiff. Upon defendant's motion judgment n. o. v. was entered for defendant. Plaintiff appeals.

On May 19, 1961 plaintiff, defendant and two other high school pupils decided to "cut school." Defendant got his car from the school parking lot and picked up the other three boys. After driving around for about three hours they stopped at a store and gas station where they purchased a dollar's worth of gasoline and some cookies and soft drinks. Plaintiff contributed fifty cents toward the gas and defendant and one of the other boys contributed twenty-five cents each. The fourth boy bought the cookies and soft drinks. Prior to making these purchases there had been no discussion relating to the sharing of the expenses of the trip. The cause of action having arisen prior to the amendment of the guest statute, ORS 30.110 is controlling.[1]

The judgment must be affirmed. Plaintiff was a guest as a matter of law. Our statement in *Johnson v. Kolovos,* 224 Or 266, 272, 355 P2d 1115 (1960) adequately disposes of the case. There we said, "[i]f one rides with no previous understanding concerning the sharing of the expenses, the gratuitous offer of a return favor such as paying for a meal or buying some gas will not change the occupant's status from guest to passenger." See also *Tarbet v. Green,* 236 Or 361, 388 P2d 468 (1963).

Judgment affirmed.

---

[1] The amended statute is ORS 30.115.