Argued January 5, affirmed February 24, 1965

# ZWICK *v.* BURDIN
### 399 P. 2d 362

*George L. Hibbard,* Oregon City, argued the cause for appellant. With him on the brief were Hibbard, Jacobs, Caldwell & Kincart, Oregon City.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the brief was Marvin S. Nepom, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

Plaintiff was injured in an accident when she was riding in defendant's automobile. Defendant is plaintiff's son-in-law. In this action she obtained a judgment. Defendant, by this appeal, claims that his motion for an involuntary nonsuit should have been allowed. The only issue was plaintiff's status—guest or non-guest—at the time of the accident.

Mrs. Zwick was frequently a baby sitter for the children of her daughter and defendant son-in-law. Defendant was taking her to his home for that purpose when the accident happened. Mrs. Zwick was a widow with little financial means. She testified that her pur-

pose for baby sitting was to compensate defendant for work he would perform in the maintenance of her home, and that because of her baby sitting she felt more free to ask for defendant's help at her home. This is not mentioned as being conclusive evidence but merely to relate all of the facts that appear relevant to the ultimate issue. She was not otherwise paid. If Mrs. Zwick had not been available, it would have cost defendant fifty cents an hour, plus transportation, to hire another baby sitter. Plaintiff lived about 30 blocks from defendant's home and did not have a car. There was no evidence of any social purpose about the occasion.

The evidence would have warranted jury conclusions that plaintiff was riding in the car as an employee, not as a mother-in-law; that she was there as an essential part of a business transaction and was saving her son-in-law an expenditure of some unspecified number of dollars he would otherwise have been obliged to pay. These conclusions also left it to the jury to reach a further conclusion that plaintiff was conferring "* * * a substantial benefit in a material or business sense * * *" upon defendant. And, that the benefit was a "motivating factor" in the transportation. ORS 30.115(1). *Sinclair v. Barker,* 1964, 236 Or 599, 390 P2d 321.

The facts related and the permissive inferences mentioned distinguish this case from *Tarbet v. Green,* 1964, 236 Or 361, 388 P2d 468, appellant's best hope. In order to more pointedly distinguish the *Tarbet* case from this one it is necessary to mention three of our recent decisions and emphasize their differences. The first is *Spring v. Liles,* 1963, 236 Or 140, 387 P2d 578. Next was the *Tarbet* case and the third was *Sinclair v. Barker,* supra.

██ *Spring v. Liles* was decided without reference to subsection (1) of the statute, defining payment. We held that "* * * Even in the absence of a benefit to the defendant, the plaintiff is a passenger (as distinguished from a guest) if his presence in the vehicle does not arise primarily from the hospitality of the defendant. * * *." 236 Or at 146. It was held that payment in coin or benefit conferred was not the only test by which the guest-non-guest status was to be determined. To be a guest, we held, the purpose of the ride must be for social reasons. Spring had entered the car because he had been directed to by the employer of both Spring and Liles. We said this was enough to enable a jury to decide that Spring did not enter the car for social purposes.

In the *Tarbet* case the only evidence was that the mother was assisting her daughter in a usual mother-daughter social relationship as distinguished from *Spring v. Liles.*

*Sinclair v. Barker* was concerned only with the element of payment. Sinclair had testified that he had been invited to ride in order to help plan some improvements to some of Barker's property. It was held to be for the jury to decide if an expectation of business benefit was the motivation for the invitation to ride.

██ In the instant case, the emphasis of the evidence and the court's instructions to the jury related to the payment-motivation test applied in *Sinclair v. Barker.* This is a different test than applied in *Spring v. Liles,* and, to a lesser extent in *Tarbet v. Green.* The evidence in the instant case permits a stronger inference that a benefit to the driver was a motivating factor in the ride than in *Sinclair v. Barker.* Here, there was no direct evidence of any other purpose.

In *Sinclair* the defendant's evidence had denied any business purpose at all. In the instant case there was no testimony of any social purpose to be enjoyed or fulfilled, in contrast to *Tarbet v. Green*. In other words, this case more nearly follows the line of *Sinclair v. Barker* than either *Spring v. Liles* or *Tarbet v. Green* and is certainly distinguishable from the latter.

Affirmed.

HOLMAN, J., Specially concurring.

My concurrence is based solely upon the ground that there was evidence from which the jury could find that the presence of plaintiff in defendant's car was for defendant's purposes and not plaintiff's and that she was therefore not a guest. I do not believe there is any necessity to consider the question of whether there was payment under subsection (1) of ORS 30.115.

Mr. Justice GOODWIN joins in this specially concurring opinion.