· Argued September 9, affirmed September 28, 1966 ·

# REED *v.* WILSON
418 P. 2d 501

*Robert H. Fraser,* Eugene, argued the cause for appellant. With him on the briefs were Luvaas, Cobb, Richards & Fraser, Eugene.

*Arthur C. Johnson,* Eugene, argued the cause for respondent. With him on the brief were Johnson, Johnson & Harrang, and Alexander A. Bernhard, Eugene.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

HOLMAN, J.

Plaintiff is the administratrix of James Thomas Reed, deceased, hereinafter referred to as Tom. Defendant is the administrator of Patricia Mae Reed, deceased, hereinafter referred to as Pat. This is an action for damages for the death of Tom which plaintiff claims was caused by Pat's negligence in the operation of her motor vehicle while Tom was riding as a passenger. Defendant has appealed from a judgment in favor of plaintiff based on a jury's verdict.

■ The following is the most favorable statement of facts for plaintiff which the evidence would justify. Upon appeal after a verdict for plaintiff this court must take such a view of the evidence. *McMillan v. Kik,* 181 Or 270, 181 P2d 128 (1947); *Whisler v. U. S. Nat. Bank of Portland,* 160 Or 10, 82 P2d 1079 (1938); *Doyle v. Southern Pac. Co.,* 56 Or 495, 108 P 201 (1910). Tom and Pat were brother and sister. They resided together in the Reed family home. Pat was the owner of a motor vehicle, and, on the night in question, Tom requested that she allow him to use it to go on a date. Pat refused but offered to drive him if he would put gasoline in her vehicle. The vehicle was without gasoline as it sat in the driveway adjacent the Reed home. Tom purchased five gallons of gasoline from a nearby service station and put it in the vehicle. Pat then drove from the home with Tom as an occupant of the vehicle.

Thereafter during the evening Tom and Pat, together with numerous other young people, proceeded

to drive in and about the City of Eugene and engage in various activities. They went to Pat's girl friend's house where Pat was planning to spend the night but found no one home; they went bowling where both consumed some alcoholic beverages; more gasoline was purchased at a service station; they stopped for soft drinks at one place and had hamburgers and French fries at still another. It is not known who purchased the additional gasoline, but the other occupants thought Tom did. There was no evidence that either Tom or Pat appeared to be intoxicated. During the course of the evening both Tom and Pat drove the vehicle. After leaving the place where they ate, Pat assumed the wheel and drove to a rock-pit area known as "Golden Garden." There were at this time four other occupants of the vehicle. While there Pat negligently drove her vehicle into a water-filled pit. Both Tom and Pat were drowned.

■ Defendant contends that the trial court erred in failing to grant his motions for a non-suit and a directed verdict. He claims the motions should have been allowed because, as a matter of law, Tom was Pat's guest and there was no evidence that the accident was intentional or caused by Pat's gross negligence or intoxication. Plaintiff claims that there was sufficient evidence for the jury to find that Tom was not a guest but was a paying passenger.

ORS 30.115 provides as follows:

"No person transported by the owner or operator of a motor vehicle, * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

> "(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity."

Defendant's contention is disposed of by the cases of *Sylvia v. Helfer,* 241 Or 98, 404 P2d 238 (1965); *Kaufman v. Fisher,* 230 Or 626, 371 P2d 948 (1962); *Johnson v. Kolovos,* 224 Or 266, 355 P2d 1115 (1960). In *Sylvia v. Helfer* at page 103 this court stated as follows:

> "Defendant contends that there was no payment to decedent by conferring a substantial benefit in a material or business sense as this was a social occasion with no business connected with it. The statute does not require that the parties be on business. The payment, or promise of payment, has to be only a substantial benefit in a material sense. We believe the sharing of expenses such as gasoline and food is a substantial material benefit to the other party and that if this is a substantial motivating factor for the furnishing of the transportation, the person so transported is not a guest but is being transported for payment, as contemplated by the statute."

There was evidence that Pat would not have transported her brother if he had not furnished the gasoline and allowed her to accompany him on the date. Therefore, there was evidence from which the jury could have found that the purchase of the gasoline by Tom was of substantial material benefit to Pat and that it was a substantial motivating factor in inducing Pat to furnish transportation to Tom. See cases cited in annotation at 10 ALR 2d 1373 (1950).

A situation such as the present one, where there is

evidence of a prearrangement for the furnishing of part of the cost of the trip, is distinguishable from a case such as *Gilmore v. Schiewe*, 237 Or 98, 390 P2d 624 (1964), where there was no prearrangement to buy gasoline but merely a contribution to a purchase of gasoline after the trip had commenced which could not have induced the transportation and as such was merely a social amenity.

■ Defendant argues that any benefit from the first purchase of gasoline was exhausted by the subsequent purchase. If the first purchase was a substantial material benefit to the driver and a motivating factor for the transportation, subsequent purchases on the same trip are immaterial.

■ Defendant also argues that the trip for which the gasoline was purchased was terminated under the holding in *Smith v. Williams*, 180 Or 626, 178 P2d 710 (1947), by the return to the Reed home during the evening to let a younger sister out of the car before the other occupants continued with their pleasure. There was nothing in the original arrangement which indicated the parties contemplated the evening's entertainment would be terminated when a third-party occupant of the vehicle was returned home. That case is not applicable.

■ Defendant contends that the court erred in failing to give the following instructions relative to payment:

"In determining whether or not payment has been made, you are directed to keep in mind that benefits upon the owner or driver such as are incidental to hospitality, companionship or the like are not sufficient to constitute payment, but the payment must be a substantial benefit."

The following instruction was given by the court and adequately covered the subject:

"\* \* \* \* \*

"Now, as used in this law, payment means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity."

No error was committed by refusing to give the requested instruction.

■ The defendant also contends the court erred in failing to give the following instruction:

"I instruct you that in determining whether plaintiff decedent was a paying passenger, or a guest, you are to consider that a guest is ordinarily one who accepts a ride for his own accommodation; whereas, if he accepts a ride to accommodate the driver, he would ordinarily be considered not a guest, but a paying passenger."

The second instruction was improper because it confused payment with the situation where by accompanying the driver for the driver's convenience a person may be other than a guest even in the absence of payment. The latter situation is illustrated by the case of *Getchell v. Reilly*, 242 Or 263, 409 P2d 327 (1965), where there was no payment but the passenger was not a guest because he accompanied the driver for the driver's purposes and convenience. There is no contention here that Tom accompanied Pat for Pat's convenience. Tom was either a paying passenger or he was a guest.

■ Defendant pleaded the defense of contributory negligence by Tom. The court removed this defense

from the jury's consideration and error is charged because of the removal and the failure to give a contributory negligence instruction. No error was committed. There was insufficient evidence of any condition or course of conduct by Pat which would have put Tom, who was an occupant of the rear seat, on notice of any danger which required action by him.

The judgment of the trial court is affirmed.