Argued May 1, affirmed May 24, 1972

MICHAEL, *Appellant, v.* HILL ET AL, *Respondents.*
497 P2d 662

*Bruce W. Williams*, Salem, argued the cause for appellant. With him on the brief were Williams, Skopil, Miller, Beck & Wyllie, Salem.

*Duane Vergeer*, Portland, argued the cause for respondents. On the brief were Frederic P. Roehr and Vergeer, Samuels, Roehr & Sweek, Portland.

HOWELL, J.

This is an action for damages for personal injuries. Plaintiff appeals from a judgment entered on a verdict for defendant.

The parties are in substantial agreement on the facts. As there is no dispute concerning the right of defendant Joseph Hill to drive his father's vehicle, we shall refer to Joseph Hill as if he were the only defendant.

Plaintiff and defendant worked together for the United States Forest Service at the Bear Springs Ranger Station near Mt. Hood. Defendant's parents lived near Hood River. Plaintiff, defendant, and another friend, Kam Axford, who worked for the U. S. Forest Service at Parkdale, made plans to spend the weekend of July 12, 1968, in Klamath Falls, and to travel there in defendant's auto. Axford was to meet the other two youths at Bear Springs, leave his auto there, and pick it up on his return. Plaintiff and Axford agreed to purchase some of the gas. The parties made the trip as planned. Plaintiff and Axford bought some gas near Klamath Falls, and the parties returned early Sunday afternoon. After leaving Axford at Bear Springs, plaintiff and defendant drove to defendant's parents' home in Hood River, unloaded their suitcases, and took the family Jeep to an orchard ap-

proximately one-half mile away to see if they could get some cherries that defendant wanted to give a fellow worker. The cherries were not satisfactory, and the parties started back to defendant's home. On the way plaintiff inquired concerning the operation of the emergency brake on the dashboard. Apparently at some time prior to the accident it was necessary to pull the brake out about four inches before it would engage. After defendant's father had it repaired, the brake would engage after it was pulled out about one inch. In answer to plaintiff's inquiry concerning the operation of the brake, the defendant pulled the brake, the wheels locked, and the Jeep overturned, injuring plaintiff.

Plaintiff's complaint consisted of two counts. In the first he alleged that he was a passenger in a Jeep owned by defendant Robert Hill and driven by his son, defendant Joseph Hill, who was guilty of gross negligence in various particulars. In plaintiff's second count he alleged that he was a guest for payment in the Jeep and alleged ordinary negligence against defendant.

At the conclusion of plaintiff's case, the trial court granted defendant's motion for a judgment of involuntary nonsuit as to the second cause of action. The first cause of action was submitted to the jury, which found in favor of defendant.

Plaintiff's first assignment of error is that the court erred in finding that plaintiff was a social guest as a matter of law.[1]

---

[1] ORS 30.115 reads in part:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of convey-

This court has held that payment of gasoline expenses could be a substantial benefit to defendant under ORS 30.115. *Reed v. Wilson,* 244 Or 388, 418 P2d 501 (1966); *Sylvia v. Helfer,* 241 Or 98, 404 P2d 238 (1965). In the instant case it is doubtful whether the plaintiff's purchase of gasoline was a substantial motivating factor for taking plaintiff on the trip to Klamath Falls. However, the question is not important because the plaintiff's evidence discloses that the youths' trip had ended either on their return to Bear Springs, or when they arrived at defendant's home in Hood River. Visiting the orchard to see if cherries were available was entirely unrelated to the trip to Klamath Falls.

It is true, as plaintiff contends, that cherries had been mentioned before the parties left on the trip to Klamath Falls. However, nothing was said about defendant needing assistance, or that plaintiff was going to help pick the cherries.

Additionally, the evidence shows that plaintiff was to stay overnight at defendant's home, eat breakfast, and defendant's mother was to prepare lunches for them as they were not able to eat at the Bear Springs bunkhouse on Sunday night or secure lunches for Monday.

---

ance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity."

■ The evidence clearly establishes that plaintiff was a social guest of defendant at the time of the accident. *See U. S. National Bank v. Njust*, 257 Or 563, 480 P2d 420 (1971); *Guritz v. Foster*, 247 Or 550, 431 P2d 6 (1967).

■ The plaintiff also assigns as error the testimony of a defendant's witness regarding repairs made on the emergency brake on the Jeep prior to the time of the accident. Assuming that the evidence was improper, the plaintiff first opened the subject when he interrogated defendant's father about the operation of the emergency brake before the accident and when he had it changed.

The judgment is affirmed.