Argued January 11, affirmed April 26, petition for
rehearing denied May 22, 1973

HAVLINA, *Appellant, v.* GUARANTY
CHEVROLET CO. ET AL,
*Respondents.*

509 P2d 415

*Paul D. Clayton,* Eugene, argued the cause for appellant. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondents. With him on the brief were Calkins & Calkins, and Bryson & Robert, Eugene.

HOWELL, J.

In this action for personal injuries, plaintiff's primary contention is that he was not a guest passenger of the defendant's driver at the time of the accident. A jury returned a verdict for defendant, and plaintiff appeals from the judgment.

Plaintiff and defendant Gary Patton, an employee of defendant Guaranty Chevrolet Co., lived in Eugene and were close friends. On the evening of October 8, 1970, Gary was directed by his employer

to drive a tow truck to Bend to pick up a vehicle at a wrecking yard. Gary, who planned to leave about 5:30 the next morning, called plaintiff and asked him to accompany him on the trip. Plaintiff agreed to go, provided he would be back by 2 p.m. to go to work. About 35 miles from Bend Gary slowed down for an approaching curve, the car went out of control, and plaintiff, who was asleep at the time, was thrown out of the car and seriously injured.

The trial court submitted the question of whether plaintiff was a "guest without payment" to the jury to decide as a question of fact. The plaintiff contends that the court erred in refusing an instruction to the effect that plaintiff was not a guest as a matter of law.

The statute ORS 30.115, relating to actions by guest passengers, states, in pertinent part:

"No person transported by the owner or operator of a motor vehicle * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication.

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity.

"* * * * *"

■■ In order for plaintiff to have been a paying passenger under subsection (1), the plaintiff's presence must have conferred upon the driver a substantial benefit in a material or business sense, *and* the

benefit must have been a substantial motivating factor for defendant Patton's furnishing the transportation. However, even though the passenger is not a paying passenger under subsection (1), nevertheless he may not be a guest within the meaning of the statute. There may be a benefit to the defendant (other than social) which keeps plaintiff from being a guest, even though such benefit does not qualify as payment under subsection (1) because it is not a "substantial benefit in a *material* or *business* sense." This was the situation in *Getchell v. Reilly,* 242 Or 263, 409 P2d 327 (1965), in which plaintiff rode with defendant for defendant's convenience to show defendant where some fish nets were located. It was held the plaintiff was not a guest even though there was nothing that would qualify as payment under subsection (1). Plaintiff was not a guest because he was performing a favor for the operator of the vehicle, and this favor was the reason for going along, rather than hospitality extended by the defendant. This kept him from being a guest even though he did not bestow upon the driver a substantial benefit in a material or business sense.

■ Each case must be decided on its own facts. Where the evaluation of the facts leaves the issue in doubt, it is a question for the jury to decide whether or not the plaintiff was a guest. *Getchell v. Reilly,* supra at 266-67.

■ In the case at bar, there was testimony that the defendant driver was unfamiliar with the road, did not know the location of the wrecking yard in Bend, and asked plaintiff to go along to help locate the wrecking yard. The plaintiff testified that he was reluctant to make the trip. On the way to Bend plaintiff served coffee to Gary from a thermos supplied

by Gary. Also, plaintiff "would point different directions" to Gary. On the other hand, there was evidence that the defendant had been given the name and address of the wrecking company; that both young men had traveled together to Bend several times in plaintiff's auto; that plaintiff took his gun along in case he saw a deer, and that he intended to leave the gun in Bend to be sighted in by a friend. The defendant also testified that he asked plaintiff to "ride along for company and that."

On the basis of this evidence, plaintiff is in no position to complain about the submission to the jury of his status as a "guest without payment." The jury easily could have concluded that Gary, the driver, invited plaintiff, his close friend, to go on the trip merely to keep him company, and that plaintiff decided to accompany defendant because of the possibility of shooting a deer and of leaving his rifle in Bend. From the evidence the jury could have found that plaintiff was riding with defendant because of an extension of hospitality by the defendant or in furtherance of a mutually desirable social relationship. *Getchell v. Reilly,* supra. See also *Spring v. Liles,* 236 Or 140, 148, 387 P2d 578 (1963).

The plaintiff also complains because the trial court did not give all of certain requested instructions regarding his status as a "guest without payment" under the statute. We have read the court's instructions, and they were given substantially as requested by plaintiff. One of the omitted portions stated:

"In determining the status of the plaintiff in the vehicle, I direct you that the presence of a substantial benefit to the owner or operator would suffice to make plaintiff a paying passenger rather than a guest. * * *"

The statement is incomplete because it omits the additional requirements that it be substantial "in a material or business sense" and that the benefit to the owner be a "substantial motivating factor" for the furnishing of the transportation.

Another portion of a requested instruction which was not given by the court stated:

"A guest is one who rides gratuitously and would not include one who rides primarily as a favor to the host, either in the way of business or not in the way of business."

■ The requested instruction is incomplete. As stated it would exclude from the guest category anyone riding as a favor to the host. If the plaintiff was riding as a "favor" but only in the sense that it was in the furtherance of a mutually desirable social relationship, he would be a guest. *Getchell v. Reilly,* supra at 268.

We have considered the other assignments of error relating to the court's failure to instruct on defective brakes and failure to sustain certain objections. We consider them without merit.

Affirmed.