Argued September 11, affirmed November 23, 1973

GHAFOOR, *Respondent, v.* TAJ, *Appellant.*

516 P2d 75

*James H. Gidley,* Portland, argued the cause for appellant. With him on the brief were Cosgrave & Kester, Portland.

*Gary K. Jensen,* Eugene, argued the cause for respondent. With him on the brief were Dwyer & Jensen, Eugene.

HOWELL, J.

Plaintiff was injured in an automobile accident while he was riding as a passenger in defendant's vehicle. The jury returned a verdict against the defendant. Defendant appeals, contending that the trial court erred in denying his motion for a directed verdict. In effect, defendant is arguing that plaintiff was a guest as a matter of law.[1]

The facts are undisputed. Plaintiff and defendant had both lived in Afghanistan before plaintiff moved to Eugene, Oregon. Prior to the accident, plaintiff had met defendant only once. On the evening of the accident, defendant, who was visiting in Eugene, called plaintiff at his home and asked plaintiff to assist him in locating a certain residence in Eugene. Plaintiff and defendant started out in defendant's auto with defendant driving and plaintiff sitting in the back seat. Plaintiff gave defendant directions and told him which streets to take to locate the address. On the way defendant's vehicle collided with another vehicle, and plaintiff was injured.

We conclude that the trial court acted properly in overruling defendant's motion for a directed verdict

---

[1] ORS 30.115 states:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity. * * * * *."

and submitting the question of plaintiff's status to the jury.

Plaintiff alleged in his complaint that as a passenger he was conferring a substantial benefit upon the defendant by assisting the defendant to locate the desired address in Eugene.

In *Spring v. Liles,* 236 Or 140, 387 P2d 578 (1963), we held that a person may not be in the guest category even though he paid nothing for the transportation.

We have also held that a plaintiff may confer a benefit to the defendant (other than social) which keeps plaintiff from being a guest even though the benefit does not qualify as payment under the statute, because it is not a "substantial benefit in a material or business sense." *Havlina v. Guaranty Chevrolet,* 265 Or 562, 509 P2d 415 (1973).

A very similar case to the one at bar is *Getchell v. Reilly,* 242 Or 263, 409 P2d 327 (1965). There, the plaintiff, at the request of the defendant, rode with the defendant to the home of a mutual friend to show defendant where certain fish nets were located. In reversing a judgment of involuntary nonsuit, we held that plaintiff might not be a guest even though there was nothing conveyed that would qualify as a payment under the statute. There, the jury could have found that plaintiff went along as a favor to defendant, not because of hospitality extended by defendant. The jury could also have found the plaintiff was not a guest even though he did not bestow upon the driver a substantial benefit in a material or business sense.

In the instant case there was evidence that plaintiff was performing a favor for the defendant by going along with him, pointing out directions and attempting

to locate the address for defendant. The jury could find plaintiff went with defendant to assist defendant, not because of any hospitality extended by the defendant. This could keep plaintiff from being a guest even though the benefit bestowed upon the defendant was not in a "material or business sense" in the words of the statute.

Affirmed.

McALLISTER, J., dissenting.

In my opinion the plaintiff and the defendant, because of their common nationality and mutuality of interests, were engaged in a mutually desirable social activity and the court should have directed a verdict for defendant. This court is apparently committed, however, to the rule that any benefit, no matter how slight, derived by the operator of the automobile from a mutually desirable social activity makes the guest statute inapplicable even though the legislature has explicitly provided that only a benefit in a material or business sense will make the occupant a nonguest. My protest may be unavailing, but I feel impelled to note my dissent as I did in *Getchell v. Reilly,* 242 Or 263, 268, 409 P2d 327 (1965).