Argued July 8, reversed November 20, 1975

BAKER, *Appellant, v.* STUTZMAN, *Respondent.*

542 P2d 478

*Charles D. Burt* of Brown, Burt & Swanson, Salem, argued the cause and filed a brief for appellant.

*J. Philip Parks,* Salem, argued the cause for respondent. With him on the brief were Miller, Beck & Parks, Salem.

BRYSON, J.

Plaintiff brought this action to recover damages for injuries sustained while riding in a vehicle driven by the defendant. Plaintiff's primary contention is that she was not a guest passenger at the time of the accident. She does not allege that defendant was grossly negligent. The jury returned a special verdict which found that plaintiff was a guest at the time of the accident. The trial court entered judgment for defendant and plaintiff appeals.

Plaintiff, then 17 years of age, lived in Mill City, Oregon, and was frequently employed as a baby sitter by Mr. and Mrs. Stutzman, also of Mill City. When

plaintiff was hired as a baby sitter, the Stutzmans usually provided plaintiff with transportation to and from her home.

On the afternoon of February 13, 1972, plaintiff, the Stutzmans, their small child, and one Tim Sadler drove to Breitenbush, a few miles east of Mill City, for an outing in the snow. Defendant was driving a four-wheel drive pickup. Shortly after starting their return from Breitenbush and while still in that area, plaintiff and Mrs. Stutzman were standing on the bed of the pickup, looking over the cab. The pickup lurched forward and plaintiff fell and sustained injuries.

Plaintiff testified she was not a guest because she was being employed to care for the Stutzmans' child at the time of the accident. On direct examination plaintiff's mother testified:

"A Mrs. Stutzman said she wanted Cherie [plaintiff] to help with Sondra. They were going to Breitenbush and then go out later and Cherie would baby-sit at their house."

Tim Sadler testified that he had telephoned plaintiff earlier in the day and asked her to join him and the Stutzmans on an excursion to the snow fields at Breitenbush, and at the request of Mrs. Stutzman also asked plaintiff if she could baby-sit for the Stutzmans that evening. There is also evidence that plaintiff did baby-sit for the Stutzmans while they went out for dinner and that plaintiff was Tim Sadler's "social date" for the trip to Breitenbush. The Stutzmans testified they did not hire or pay plaintiff to baby-sit their child during the afternoon trip. The testimony shows that plaintiff had been deposed earlier and stated that she was to start baby-sitting "when we got back" from Breitenbush.

Plaintiff first assigns as error the trial court's

failure to give plaintiff's requested instruction that plaintiff was not a guest as a matter of law. Plaintiff argues that she was "an employee" or "an employee being taken to a job site" at the time of the accident and therefore was not a guest within the meaning of ORS 30.115.①

■ We have previously discussed the relationship between trial court and jury under these circumstances. Where the evaluation of the facts leaves a plaintiff's status in doubt, a question for the jury arises. *Getchell v. Reilly*, 242 Or 263, 267, 409 P2d 327 (1965). In *Havlina v. Guaranty Chevrolet*, 265 Or 562, 565, 509 P2d 415 (1973), the same question was before the court. We held:

> "Each case must be decided on its own facts. Where the evaluation of the facts leaves the issue in doubt, it is a question for the jury to decide whether or not the plaintiff was a guest. * * *"

■ In this case, whether plaintiff was being employed by defendant and whether plaintiff was being transported to work were questions for the jury to decide.

Plaintiff also contends the "court erred in instructing the jury that the plaintiff had to prove that she

---

① ORS 30.115, relating to actions by guest passengers, states in part:

"No person transported by the owner or operator of a motor vehicle * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication.

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity.

"* * * * *."

paid the defendant for the transportation by conferring a substantial benefit in a material or business sense upon him."

The court instructed the jury as follows:

"The statutory law of Oregon provides as follows: No person transported by the owner or operator of a motor vehicle, air craft or water craft or other means of conveyance as a guest without payment for such transportation shall have a cause of action for damages against the owner, operator, for the injury, death or loss in case of accident. Unless the accident was intentional on the part of the owner or operator or caused by a gross negligence or intoxication. [ORS 30.115]

"A guest is a person who voluntarily rides in a motor vehicle, air craft, water craft or other means of conveyance. Here, of course, we are only concerned with a motor vehicle owned or operated by the defendant, without payment for such transportation as part of a social relationship under circumstances wherein the predominant motivating factor is the hospitality extended to [by] the defendant.

"Payment means a substantial benefit in material or business sense conferred upon the owner or operator of the conveyance and which is the substantial motivating factor for the transportation and does not include a mere gratuity or social amenity. [ORS 30.115(1)]

"You are further instructed that in this case, before the plaintiff can recover, she must prove by a preponderance of the evidence that she made payment for the transportation provided by the defendant within the meaning of the statute which I have just referred to. In other words, if the plaintiff fails to prove by a preponderance of the evidence that she paid the defendant for the transportation by conferring·a substantial benefit in a material or business sense upon him, and which

was a substantial motivating factor for the transportation, the plaintiff would not be entitled to recover and you would then be required to return the verdict for the defendant. In determining whether payment, within the meaning of this statute was made to the defendant by the plaintiff, you are instructed that such payment does not include a mere gratuity or social amenity.

"The plaintiff must have conferred upon the defendant a substantial benefit and that benefit must be more than vague or trivial. It must be a benefit that has something beyond the usual social amenity."

The first and third paragraphs of the above instruction are from ORS 30.115. The second paragraph is Oregon Uniform Jury Instruction No. 72.10 and tells the jury that the predominant motivating factor is the hospitality extended by the defendant. The fourth paragraph told the jury that unless plaintiff "paid" defendant by "conferring a substantial benefit in a material and business sense upon him," she was a guest and the jury would then be "required to return the verdict for the defendant." The fourth paragraph is taken from an instruction quoted with approval in *Sinclair v. Barker,* 236 Or 599, 609, 390 P2d 321 (1964). But *Sinclair* was a case tried solely on a theory of payment and was tried and appealed before our decision in *Spring v. Liles,* 236 Or 140, 387 P2d 578 (1963), although not decided until after our decision in *Spring v. Liles, supra.*

In *Spring v. Liles, supra,* we stated:

"We believe that the insistence upon finding a benefit to the defendant-driver involves an incomplete analysis of the problem. As we have indicated, the absence of a benefit to the defendant does not necessarily establish a host-guest relationship between the defendant and the plaintiff-occupant. Even in the absence of a benefit to the defendant,

the plaintiff is a passenger (as distinguished from a guest) if his presence in the vehicle does not arise primarily from the hospitality of the defendant. * * *

"* * * * *.

"We construe ORS 30.110[②] to mean that two elements must co-exist to create the host-guest relationship: (1) there must be no substantial benefit to the defendant, and (2) the invitation extended to the plaintiff must be motivated predominantly by the defendant's spirit of hospitality." 236 Or at 146-48.

■ Since *Spring v. Liles, supra,* we have consistently held that the "two elements must co-exist to create the host-guest relationship." *See Getchell v. Reilly, supra; U.S. National Bank v. Njust,* 257 Or 563, 569, 480 P2d 420 (1971); *Havlina v. Guaranty Chevrolet, supra* at 564-65; *Ghafoor v. Taj,* 267 Or 205, 516 P2d 75 (1973).

■ In the present case the fourth paragraph of the quoted instruction given told the jury that unless plaintiff paid defendant by conferring a substantial benefit in a material and business sense she was a guest, and it did not include the second element heretofore referred to in *Spring v. Liles, supra.* That issue was before the court in this case because even if the jury did not find that plaintiff was baby-sitting during the afternoon and thus conferring a direct benefit upon the defendant, the jury could have found that defendant's motivation in transporting plaintiff was other than hospitality in that the defendants had the convenience of having plaintiff with them and available for baby-sitting upon arriving home. Therefore, the instruction given was erroneous.

---

② In Spring v. Liles, 236 Or 140, 387 P2d 578 (1963), we noted that ORS 30.110 was repealed by Oregon Laws 1961, ch 578, § 1, and ORS 30.115 was enacted in lieu thereof. Other than the deletion of "reckless disregard" from ORS 30.110, the only substantial change by ORS 30.115 is the statutory definition of "payment."

■ The last question is whether plaintiff's exception to the instruction given was adequate to apprise the trial court of the specific objection in order to give the court an opportunity to correct any error. The exception taken, although somewhat rambling, was as follows:

"We also except to the Court's giving of Defendant's Instruction 5 as requested, defining a guest. We except to it particularly because it uses the term payment and does not define the term payment even in conjunction with number 6 which we also except to and we indicated earlier that we would. Under the terms of the cases beginning in Spring versus Liles, 236 Oregon, 140, it is our position your Honor that the later cases and the cases which we cited to you in support of our Requested Instruction number 1 and number 3 haven't changed the term payment to a term of what motivates the acceptance or the giving, not the acceptance but the giving of the ride. Therefore, these instructions, in Instruction 6 which is from a prior case—not from a prior case, but Sinclair versus Baker, is not consistant [sic] with the facts in this case since here we are not interested with the terms of payment so much as we are with what motivated the defendant to furnish the transportation. We are saying in effect that we think the line of cases, beginning with the Spring case and ending with the US National Bank versus Njust, 257 Oregon, that that line is more appropriate to this type of case than [cases which] defines payment as such.

"Doubly, we except to this because nowhere in the Court's instructions did the Court give the two elements which must exist to have a guest-passenger set forth in Spring versus Liles and that is the elements which we recite to the Court appearing on page 147 of that opinion, and which we feel would have to be present under this case law in all cases, to have a guest-passenger. *We of course urge the Court that there is a total failure of proof*

*in this case that the giving of this ride was solely motivated by social amenities. It must be we feel under this line of authority, to ever qualify as a guest-passenger case."* (Emphasis added.)

While somewhat confusing, the exception does indicate twice that the motivation of defendant is what is lacking. In *Wulff v. Sprouse-Reitz Co.,* 262 Or 293, 498 P2d 766 (1972), we held that an exception simply naming a case is not sufficient to apprise the trial court of the error in the instruction so that he might correct the same, but in the case at bar the plaintiff went further and referred to the motivation of defendant being absent from the instruction and as being the portion of the instruction wherein he claimed error. This adequately apprised the court of the error in the instruction given.

Reversed.